273 So.2d 650 (1972)
PRECISION MOTORS, INC.
v.
Huey BEDER d/b/a Beder & Company.
No. 5194.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 1972.
Rehearing Denied March 13, 1973.
Satterlee & Mestayer, Kent Satterlee, Jr., New Orleans, and Miles J. Blazek, Jr., for plaintiff-appellee.
George H. Fust, New Orleans, for defendant-appellant.
Before CHASEZ, BOUTALL and BAILES, JJ.
BOUTALL, Judge.
The defendant, Huey Beder, d/b/a Beder & Company, appeals from a default *651 judgment of the Civil District Court for the Parish of Orleans rendered against him pursuant to Article 1513 of the Louisiana Code of Civil Procedure for his refusal to comply with an Order of the trial court compelling his answers to certain written interrogatories propounded to him by the plaintiff.
Because of the nature of this appeal, the chronology of the various pertinent pleadings in this litigation is particularly important. The pertinent portions are submitted as follows:
May 31, 1971: Petition of plaintiff for breach of contract and for damages.
June 8, 1971: Personal service on the defendant.
June 18, 1971: Defendant's answer.
August 31, 1971: Interrogatories of plaintiff to defendant.
September 24, 1971: Rule of plaintiff to compel answers to interrogatories.
September 29, 1971: Service upon defendant of rule to compel answers to interrogatories.
October 8, 1971: Order compelling answers to interrogatories within five days thereof.
October 20, 1971: Motion of plaintiff for relief pursuant to Rule 1513, Louisiana Code of Civil Procedure.
October 21, 1971: Service of above rule on defendant by personal service on his attorney of record.
October 21, 1971: Personal service of above rule upon the attorney for the defendant.
October 29, 1971: Trial of rule for relief pursuant to Article 1513 and rendition of judgment dated October 29, 1971, ordering that a judgment of default be rendered against the defendant.
October 29, 1971: Defendant files answers to written interrogatories.
October 29, 1971 or
November 3, 1971: Filing date is not clear but defendant filed motion to rescind, set aside and avoid judgment, fixed for hearing on Nov. 5, 1971.
November 4, 1971: Confirmation of default judgment; Judgment of the Court rendered in favor of plaintiff and against the defendant for $5,369.00, plus interest and costs.
November 5, 1971: Judgment dismissing defendant's motion to rescind, set aside and avoid judgment.
As may be seen from the above, trial of the rule of plaintiff to compel the defendant to answer the interrogatories was held on October 8, 1971. Neither the defendant nor his attorney appeared although defendant was served timely by personal service upon his attorney of record on September 29, 1971, with a copy of the motion and order.
On October 29, 1971, trial was had of the rule to show cause why a judgment should not be rendered by default against the defendant for his failure to comply with the prior order of the trial court. Again neither the defendant nor his attorney appeared, although they were both served on October 21, 1971, with a copy of the motion and order, and judgment was rendered in favor of the plaintiff. The judgment in plaintiff's favor against the defendant was rendered by the court on October 29, 1971, and was confirmed on November 4, 1971. The judgment was for $5,369.00 plus interest and costs.
The default judgment rendered on October 29, 1971, was pursuant to LSA-C.C.P. art. 1513 which provides in part:
"Art. 1513. Failure to comply with orders, penalty
"Art. 1513. If any party . . . refuses to obey an order made under Article 1511, or Article 1492, or Article 1493, the court may make such orders in *652 regard to the refusal as are just, and among others the following:
"* * *
"(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
* * *."
The record, as outlined above, clearly shows that no answer to the interrogatories was filed prior to judgment despite the various notices, that the provisions of LSA-C.C.P. arts. 1491, 1511, and 1513 were complied with and a judgment of default was proper.
At this time we might note that apparently on October 29, 1971, the defendant filed a motion to rescind, set aside and avoid the judgment rendered that day, alleging several grounds of defense against that judgment and particularly alleging the entry of judgment before 9:30 a.m. although the rules of the Civil District Court provide for hearings at 10:30 a.m. While we are puzzled to some extent about the procedural aspects of this motion, we note that the trial court (from the minute entry) did grant and hold a hearing thereon on November 5, 1971, and appellant raises no contention before us on procedure, simply on the merits of his contention as to the application of the rules of court mentioned above.
The defendant attempts to argue that the trial of plaintiff's motion for relief pursuant to LSA-C.C.P. art. 1513 was held prior to 10:30 a.m. in contravention of the local rules of the Civil District Court for the Parish of Orleans. However, he has not made the rules of the trial court a part of the record for consideration by the court, or at least the record does not so reflect. We presume that the pertinent rules were argued to the trial judge and he found no violation. Under these circumstances we cannot conclude the trial court has violated its rules.
However, the motion to dismiss did allege the pertinent times of 9:30 a.m. and 10:30 a.m., and since this is the sole point at issue raised in the appeal, we feel we should inquire therein. Counsel for appellee presents in his brief what appears to be the pertinent rule here. Rule 4, Section 4, of the local rules of the Civil District Court for the Parish of Orleans provides in part as follows:
"The Court shall open at 10:30 A.M. and will close at 4:00 o'clock P.M., unless the business of the day be concluded sooner; provided, that when deemed necessary to expedite business, any Judge may require that the trial of a case be proceeded with after 4:00 P.M., or before 10:30 o'clock A.M."
Trial of the rule to show cause was specifically set for 9:30 o'clock a.m. on October 29, 1971, by the trial judge. This action by the trial judge was totally a matter of his discretion and allowable under Local Rule 4, Section 4, above quoted. It was held in Brumfield v. Brumfield, 178 So.2d 379 (La.App.1st Cir., 1965), that except in cases where it is manifest that there has been an abuse of discretion, the exercise, by a trial court, of its discretion with respect to the construction, interpretation, application or enforcement of its own rules, will not be disturbed on appeal.
It is a well settled rule that one who seeks to set aside a default judgment must allege and prove an excuse for failing to appear, De Frances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951); Gulf Acceptance Loan Corporation v. Demas, 205 So.2d 855 (La.App.4th Cir., 1968); Steele v. Ruiz, 202 So.2d 376 (La.App.4th Cir., 1967); Pryor v. Gions, 188 So.2d 739 (La. App.2nd Cir., 1966); Grant v. Securities Finance Company, 173 So.2d 356 (La.App. 1st Cir., 1965); Dixson v. Carter, 138 So. 2d 227 (La.App.4th Cir., 1962). Defendant in the present situation has not alleged *653 or shown any good reason or cause for not appearing timely.
For the above reasons, the judgment appealed from is affirmed; appellant to pay all costs.
Affirmed.