ELLIS, Judge.
John E. Clark filed this suit for separation from bed and board on the ground of abandonment against Louise Cavalier Clark. Mrs. Clark answered, denying that she had abandoned her husband without cause. She reconvened for a separation, alleging that she had legal cause to leave the matrimonial domicile because of numerous acts of physical cruelty towards her committed by Mr. Clark.
On October 5, 1976, plaintiff filed interrogatories directed to the defendant, asking for particulars of the acts of physical cruelty alleged by her. On November 11th and December 7, 1976, counsel for plaintiff wrote counsel for defendant requesting that answers to the interrogatories be filed.
On December 30, 1976, plaintiff, alleging defendant’s failure to answer the interrogatories within 15 days as required by Article 1458 of the Code of Civil Procedure, filed a rule for defendant to show cause why default judgment should not be rendered against her. The rule was set for trial on January 7, 1977, and continued from that date until January 28, 1977, on which date it was heard. Judgment was rendered granting defendant ten days from the date of service of the judgment within which to answer the interrogatories and providing that “if the answers are not filed in that ten-day period, judgment shall be rendered in favor of plaintiff and against defendant, awarding plaintiff a separation from bed and board and dismissing defendant’s re-conventional demand.” Notice of the said judgment was mailed to defendant’s counsel on January 31, 1977.
On February 11,1977, the following judgment was signed:
“The defendant, Louise Cavalier Clark, having failed to file answers to plaintiff’s interrogatories within the ten (10) day period as ordered by this court in the judgment on rule rendered herein on January 28, 1977, and the court having considered the entire record of these pro *659 ceedings, including the judgment on rule rendered January 28, 1977, and the law, including LSA-C.C.P. Articles 1469 and 1471, it is ordered, adjudged and decreed ■that there be judgment herein in favor of plaintiff, John E. Clark and against defendant, Louise Cavalier Clark, awarding plaintiff a separation from bed and board and dismissing defendant’s reconventional demand at her costs.”
There appears in the record a letter from defendant’s counsel to the clerk of the district court, dated February 11,1977, enclosing answers to plaintiff’s interrogatories. The letter and the answers were received and filed on February 14, 1977.
On February 18, 1977, defendant moved for a new trial, alleging that she had abided by all orders of the court, and that the February 11th judgment was apparently rendered without the introduction of any evidence in support thereof. On May 11, 1977, the motion for a new trial was denied. On May 26, 1977, defendant was granted a suspensive appeal.
Article 1471 of the Code of Civil Procedure provides, in part, as follows:
“If a party or an officer, director, or managing agent of a party, or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
******
“An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.”
No minute entry for the above judgment appears in the record, so we assume that it was signed in chambers, without any formal motion or offer of proof by plaintiff.
In this court, defendant argues, in essence, that the “judgment by default” which the judge is authorized to render is no more than a “preliminary default”, as defined in Article 1701 of the Code of Civil Procedure, which must be confirmed under Article 1702 of the Code of Civil Procedure by the production of proof sufficient to establish a prima facie case. On the face of the judgment, it is evident that no such evidence was produced.
Plaintiff argues that “judgment by default” refers to a final judgment on the merits, and that no proof in support thereof is required by Article 1471. He further points out that Article 1471, and its predecessors in Louisiana, former Article 1513 of the Code of Civil Procedure and former R.S. 13:3792, are based on, and almost verbatim copies of, Federal Rule 37(d), 28 U.S.C.A. We note that the Federal Courts have interpreted the latter provision as permitting a final judgment on the merits to be rendered under circumstances similar to this case. See Williams v. Owen, 179 F.Supp. 268 (E.D.Ill.1959); United States v. 3963 Bottles, More or Less, etc., 265 F.2d 332 (C.A. 7 1959); Trans World Airlines, Inc. v. Hughes, 332 F.2d 602 (C.A. 2 1964).
We think it clear that our law requires that proof of a prima facie case be made before a judgment by default can be rendered and signed by a judge. We recognize that Article 1471 gives the judge authority to render such a judgment as a sanction in the event of a failure on the part of a party to obey an order of the court relative to discovery. However, the specific language of Articles 1701-1703 of the Code of Civil Procedure, requires that a prima facie case be made out by the party seeking such a judgment.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with law. Costs of this appeal shall be paid by plaintiff. All other costs shall await final determination of the case on its merits.
REVERSED AND REMANDED.