360 So.2d 534 (1978)
Henry L. BUTTS et al., Plaintiffs-Appellants,
v.
Dr. Anna D. CUMMINGS et al., Defendants-Appellees.
No. 13574.
Court of Appeal of Louisiana, Second Circuit.
June 5, 1978.
Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for plaintiffs-appellants.
Wilkinson, Carmody & Peatross by Arthur R. Carmody, Jr., Shreveport, for defendants-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
BOLIN, Judge.
The only issue before us is whether, under the particular facts of this case, the trial court abused its discretion in dismissing with prejudice plaintiffs' action against a defendant as a sanction for plaintiffs' failure to comply with a previous court order compelling answers to interrogatories propounded by that defendant. Plaintiffs appeal the trial court's order of dismissal and we set aside the order and remand.
In December 1975 plaintiffs filed a medical malpractice suit against certain pediatricians, the Sisters of Charity of the Incarnate *535 Word,[1] and their insurers. In March 1976 defendant physicians and their insurer propounded interrogatories to plaintiffs. Answers were not forthcoming until February 1977, and then only after these defendants had obtained an order compelling discovery within twenty days, and had moved to dismiss the action as to them due to plaintiffs' failure to obey that order. The record shows plaintiffs were living in Florida when they signed these answers.
Defendants Sisters of Charity propounded interrogatories in April 1977, seeking substantially the same information contained in the answers filed in the record two months before. This second set of questions was served on plaintiffs' counsel by mail. One month later the trial court granted a continuance of all proceedings based on the illness of plaintiffs' attorney.
On October 5, 1977, the Sisters of Charity moved to compel answers to their interrogatories. Although a copy of this motion was mailed to plaintiffs' counsel, the record does not reflect plaintiffs or their counsel were notified of the date set for hearing on the motion.
The minutes of the trial court contain the following:
Oct. 17, 1977
Motion to compel answers to interrogatories and to assess cost argued and submitted by counsel for Defendant, only and sustained, and Plaintiff is ordered to pay $150.00 attorney fees.
On November 8, 1977, defendant Sisters of Charity filed a motion asking to be dismissed as a defendant and attaching a certificate from the clerk of court which certified plaintiffs had not responded to their interrogatories. On the same day, the trial court signed an order dismissing with prejudice the Sisters of Charity from the lawsuit. The motion and order of dismissal were personally served on plaintiffs' counsel the next day.
On January 16, 1978, plaintiffs' former counsel withdrew; present counsel was enrolled and immediately appealed the November order of dismissal.
Articles 1469-1474 of the Louisiana Code of Civil Procedure provide means for the enforcement of discovery. These provisions grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme (Art. 1469)[2] or to obey' an order compelling discovery (Art. 1471).[3]
*536 Since under our discovery provisions the grant of relief against a recalcitrant party rests within the trial judge's discretion, we will not disturb his imposition of a sanction unless the record shows a clear abuse of this discretion. Employers Overload Co. v. Employers Overload Co., N.O., 266 So.2d 546 (La.App. 4th Cir., 1972).
We hold the sanction imposed by the trial court, i. e., dismissal of a party defendant from the lawsuit, is so harsh under the facts of this case as to constitute an abuse of discretion. We reach this decision after considering the following circumstances: the unanswered set of interrogatories sought information similar to that contained in answers filed of record before the Sisters of Charity moved to compel answers; the lawsuit was continued indefinitely at the time defendant moved for enforcement; any lack of diligence is to be attributed not to plaintiffs, who were residing in another state, but to their former counsel; the record leaves substantial question whether plaintiffs or their former counsel were properly cited and given an "opportunity for hearing" (C.C.P. Art. 1469) before the order compelling answers; neither is there evidence to indicate plaintiffs received notice of the fine imposed and the time limit in which they were ordered to answer.
When a party has been given sufficient notice and opportunity to be heard prior to the imposition of a penalty, the sanction of dismissal or judgment by default may be within the bounds of the trial court's discretion. See Precision Motors, Inc. v. Beder, 273 So.2d 650 (La.App. 4th Cir., 1972); Hulion v. John Bradshaw Company, 217 So.2d 454 (La.App. 1st Cir., 1968). However, the absence of proper citation and notice to the plaintiffs in this case, along with other mitigating circumstances previously mentioned, leads us to conclude that a penalty other than dismissal of defendant Sisters of Charity would have been proper.
The order dated November 8, 1977, dismissing plaintiffs' suit as to defendant Sisters of Charity of the Incarnate Word, Shreveport, Louisiana, is set aside and the case is remanded for further proceedings. Costs are to await final determination of the cause.
NOTES
[1] Originally plaintiffs named Schumpert Memorial Hospital as a defendant. Since the hospital was not a legal entity, plaintiffs amended their petition to substitute the Sisters of Charity, a religious association which operates the hospital.
[2] Art. 1469.

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
(1) An application for an order to a party or a deponent who is not a party may be made to the court in which the action is pending.
(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Article 1426.
(3) For purposes of this Subdivision an evasive or incomplete answer is to be treated as a failure to answer.
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.
[3] Art. 1471.

If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.