COLE, Judge.
The issue in this case is whether the trial court abused it discretion in ordering the dismissal with prejudice of plaintiff’s claim against one of the defendants for failure to comply with orders compelling discovery.
Plaintiff filed suit on August 1, 1977, against Sylvester Smith, Jr. for injuries sustained on March 19, 1977, when the motorcycle plaintiff was operating collided with a vehicle driven by Smith. On September 11, 1978, plaintiff amended his petition to name an additional defendant, U. S. Suzuki Motor Corporation, manufacturer of the motorcycle. Suzuki answered plaintiff’s petition on October 24th, and on the same date propounded a set of interrogatories to plaintiff. The interrogatories were never answered.
On January 4,1979, Suzuki was granted a court order requiring plaintiff to produce the motorcycle on January 17th for examination and photographing. Personal service of the order compelling inspection was made January 8th on both plaintiff and his attorney of record. Plaintiff failed to comply-
On February 1st Suzuki noticed plaintiff’s deposition for February 8th. Plaintiff did not appear for the deposition.
Due to plaintiff’s failure to answer the interrogatories propounded, Suzuki, on January 25th, moved to dismiss or, alternatively, to compel answers. On February 13th, Suzuki filed a supplemental and amending motion to dismiss noting plaintiff’s failure to respond to the court ordered production for inspection and his failure to appear for deposition. The court set a hearing on the motions for March 16th. On that day arguments were heard and the court granted the motion to dismiss but-ordered briefs to be filed within ten days on the question of whether the dismissal should be with or without prejudice. Suzuki filed its brief but plaintiff failed to file a brief in opposition.
Judgment was rendered May 1st and signed May 15th ordering plaintiff’s amending petition dismissed with prejudice. Plaintiff appeals the dismissal. We affirm.
This court was not favored with a timely brief in support of plaintiff’s appeal. Plaintiff’s counsel sought to obtain additional time within which to file his brief but his motion therefor was untimely and had to be denied. A late brief was never received. This case was set for hearing and submission on October 31st. A notice of intent not to abandon the appeal was filed October 30th.
The chronology of this case demonstrates a flagrant violation by plaintiff and his counsel of the duties imposed pursuant to the discovery provisions of our law. La.C. C.P. art. 1421, et seq. Defendant Suzuki properly sought to utilize the discovery devices of deposition upon oral examination, written interrogatories and production for inspection. La.C.C.P. arts. 1437, 1457, and 1461. When plaintiff failed to respond, particularly to the court’s express order to produce the motorcycle for inspection, Suzuki proceeded under C.C.P. art. 1469 to compel discovery or have plaintiff’s claim against it dismissed.
*176 C.C.P. art. 1471, in part, provides:
If a party . . . fails to obey an order to provide or permit discovery, . the court . . . may make such orders in regard to the failure as are just, and among others the following:

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, .
This particular provision does not specify whether dismissal should be with or without prejudice. Suzuki contends that a dismissal without prejudice, which would allow plaintiff to re-file his claim, is, in effect, no sanction and results in no real remedy for plaintiff’s repeated failure to allow discovery. We agree.
Sanctions for failure to comply with discovery orders are discretionary and may be imposed by the court if the order is disobeyed without justification. The discretion employed by the trial court will not be disturbed absent its abuse. Employers Overload Co. v. Employers Overload Co., N.O., 266 So.2d 546 (La.App. 4th Cir. 1972), writ refused, 263 La. 375, 268 So.2d 260; Viator v. Sonnier, 355 So.2d 1091 (La.App. 3d Cir. 1978).
Under the facts of this case, there was no abuse of discretion. Any sanction other than dismissal with prejudice would have been an affront to all litigants who respect the rights of adverse parties and to counsel who strive to fulfill their professional responsibility. More than adequate opportunity was given plaintiff and his counsel to avoid imposition of the harsh penalty of dismissal. The result was dictated by their refusal to recognize the right of the defendant to prepare its defense. Hulion v. John Bradshaw Company, 217 So.2d 454 (La.App. 1st Cir. 1969). See also, Precision Motors, Inc. v. Beder, 273 So.2d 650 (La.App. 4th Cir. 1972). Cf. Butts v. Cummings, 360 So.2d 534 (La.App. 2d Cir. 1978).
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is cast for all costs of this appeal.
AFFIRMED.