423 So.2d 45 (1982)
Kim ROBINSON, et al
v.
William L. MILLER, et al.
No. 82 CA 0140.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*46 Byard Edwards, Jr., and Johnny S. McGary, Ponchatoula, for plaintiff.
Robert P. Hogan, Covington, for William L. Miller.
David K. Balfour, Jerry L. Finley, Baton Rouge, for Dept. of Transp.
Bernard J. Rice, III, Gretna, for John W. Ballard.
Hugh Glenn, Jr., New Orleans, for Ragusa Bros.
Before COVINGTON, LEAR and LANIER, JJ.
LANIER, Judge.
This is a suit for damages in tort alleging wrongful death. As a sanction for failing to answer discovery interrogatories, the trial court allowed the plaintiffs to confirm a judgment by default against the Department of Transportation and Development of the State of Louisiana (State) for awards totaling $243,116.00. The State has perfected this suspensive appeal from that ruling and judgment.

I. FACTS
On August 7, 1980, Kim Robinson, individually and as natural tutrix of the minor children, Tammaka Robinson and Myneshia Robinson, filed suit against the State and other defendants alleging that Joe Eddy Washington, her common-law husband and the natural and acknowledged father of Tammaka Robinson and Myneshia Robinson, was killed on August 14, 1979, in an accident which occurred when a tractortrailer truck owned by William L. Miller and operated by John W. Bellard collided with an automobile driven by Donald W. Haynes on a bridge over the Bonne Carre Spillway on U.S. Highway 61 in the Parish of St. Charles, Louisiana. This suit was *47 docketed under # 59,972 of the Twenty-First Judicial District Court, Parish of Tangipahoa. On August 25, 1980, the plaintiffs-appellees propounded thirty-one interrogatories to the State. These interrogatories were filed in a companion case arising out of the above described accident (suit # 57,536). On August 29, 1980, the State filed objections to seven of the interrogatories propounded by the appellees in suit # 57,536. On September 19, 1980, the State filed an answer to the original petition in suit # 59,972 (the instant case) and also filed a third party demand.
On December 5, 1980, in suit # 57,536, the appellees filed a motion to compel the State to answer the interrogatories filed on August 25, 1980. A hearing was held on this motion to compel on January 9, 1981. It was then discovered that the interrogatories were filed in the wrong suit (# 57,536 instead of # 59,972). The trial judge ordered the clerk of court to file the interrogatories, the objections, and the motion to compel in the correct proceeding (# 59,972). The trial court rendered judgment on rule ordering the State to answer the appellees' interrogatories within ten days and cast the State for an attorney fee of $250.00. On January 14, 1981, the State filed a notice of its intention to apply to this court for supervisory writs to contest the judgment of the trial court on the motion to compel. The trial court granted a stay order relieving the State of its obligation to comply with the judgment "until such time as the Department has had an opportunity to apply for a supervisory writ to the First Circuit Court of Appeals and have that application accepted or rejected, or 45 days whichever is lesser." The petition for supervisory writs was filed on February 5, 1981, and was rejected on February 18, 1981, because the application failed to comply with the Uniform Rules of the Courts of Appeal.
On March 23, 1981, appellees filed a rule to show cause why the State should not be held in contempt of court for failure to answer the discovery interrogatories pursuant to the judgment of January 14, 1981, and condemned to pay all costs and attorney fees. The State was served with this rule on March 25, 1981. By order signed April 13, 1981, the instant case (# 59,972) was consolidated with another companion case arising out of the same accident (# 59,610). On April 16, 1981, a hearing was held on the contempt rule filed by the appellees against the State on March 23, 1981. No one appeared at this hearing on behalf of the State. The trial court rendered judgment condemning the State to pay the sum of $500.00 in attorney fees and all costs. Apparently, as an additional sanction for failing to comply with the order compelling discovery, the trial court, on April 22, 1981, allowed the appellees to enter a written motion for judgment by default.[1]
On May 18, 1981, the appellees filed a rule to show cause why they should not be allowed to take a default judgment against the State for continuously disobeying the orders of the court by failing to answer the interrogatories propounded to it on August 25, 1980. This rule was heard on June 1, 1981. At that time, John W. King appeared as counsel for the State and apologized to the court for failing to answer the interrogatories. He advised the court that the file on this case was originally assigned to David Balfour as counsel, but that Balfour left the State's employ approximately three months previously. The cases under Balfour's supervision was reassigned and the instant case went to King. He advised the court that the reason he was not present for the hearing on April 16, 1981, was because he was not familiar with the file nor personally aware of the court date. He acknowledged that it was his fault for not familiarizing himself with the file. King further advised that he would cooperate with the court and opposing counsel in the future. The trial judge took the matter under advisement. On June 26, 1981, the trial court granted "a default judgment" *48 against the State "with permission to confirm said default judgment in accordance with law."
On June 29, 1981, the State filed its answers to the thirty-one interrogatories in suit # 57,536. On August 3, 1981, the answers to the thirty-one interrogatories were filed in the instant case, # 59,972. These answers to interrogatories are signed by David K. Balfour and are acknowledged by an affidavit dated January 15, 1981.
On August 24, 1981, the State filed a motion to set aside the default judgment entered on June 26,1981. In its motion and attached memorandum, the State alleged that no confirmation of default could be entered because it had answered the original petition, that the procedure for obtaining a default against the State provided for in La.C.C.P. art. 1704 was not followed, and that answers had been filed to the interrogatories. On August 26,1981, the trial judge denied the motion to set aside the default which he considered "as a motion for rehearing on the rule...." On August 24, 1981, the State filed a written request for notice of trial pursuant to La.C.C.P. art. 1572.
On September 3, 1981, the trial court allowed the appellees to confirm the judgment by default against the State pursuant to La.C.C.P. art. 1702. The record does not reflect that notice of the hearing to confirm the default judgment was issued to the State and the State was not represented at this proceeding. In the amended judgment signed on September 15, 1981, the State was cast in judgment for $243,116.00 in damages, $1,227.50 in expert witness fees, and all costs.[2]

II. WAS THE SANCTION IMPOSED APPROPRIATE?
In Allen v. Smith, 390 So.2d 1300, 1301 (La.1980) appears the following:
"Louisiana civil discovery rules authorize a party to take the deposition of another litigant upon oral deposition after giving reasonable notice in writing, Article 1438 of the Louisiana Code of Civil Procedure, to serve written interrogatories to be answered by another party, Article 1457, and to serve on another party a request to produce a tangible thing for inspection. Article 1461. When a party served with such a notice or request fails to attend a deposition, serve answers to interrogatories, or respond to a request for inspection, the court may on motion make such orders in regard to the failure as are just, including an order that the designated facts be taken as established, an order that the disobedient party be refused the right to support or oppose designated claims or defenses, an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment of default against the disobedient party, or an order assessing costs and attorney's fees caused by the failure against the disobedient party and his attorney or both. La.C.C.P. arts. 1471, 1473."
The ultimate sanction for a recalcitrant plaintiff who fails to comply with discovery orders is dismissal of the suit, and the ultimate sanction for such a defendant is the rendering of a "judgment of default".[3] The trial court has much discretion in selecting the appropriate sanction for failure to comply with discovery orders and a judgment granting a sanction will not be disturbed absent a clear showing of abuse. Smith v. Smith, 398 So.2d 549 (La.App. 1st Cir.1979), writ denied 399 So.2d 585 (La. 1980); Folds v. Red Arrow Towbar Sales Company, 378 So.2d 1054 (La.App. 2nd Cir. 1979); Viator v. Sonnier, 355 So.2d 1091 (La.App. 3rd Cir.1978); Duplechien v. McNabb, 260 So.2d 789 (La.App. 4th Cir. 1972), writ denied 262 La. 132, 262 So.2d 395 (La.1972).
*49 In discussing the appropriateness of the ultimate sanction of dismissal against a party plaintiff, the Louisiana Supreme Court in Allen v. Smith, supra, 390 So.2d 1301, observed as follows:
"The Louisiana rule empowering a court to impose these sanctions is identical to Federal Rule of Civil Procedure 37(b), (d). Accordingly, the jurisprudence interpreting and applying the federal rule may provide useful precepts in bringing La.C. C.P. art. 1473 into action in the present case.
"The United States Supreme Court held in Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255, 1267 (1958) that Rule 37
`should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that a failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner.'
"While there have been amendments to the rule since the decision in Rogers, the high court has indicated that the changes will not affect the teachings of the quoted language from that decision. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).
"Many of the federal courts of appeal have decided that the dismissal of a complaint with prejudice is such a drastic penalty for failure to make discovery that a district court should apply it only in extreme circumstances. E.g., Bonaventure v. Butler, 593 F.2d 625 (5th Cir. 1979); Campbell v. Gerrans, 592 F.2d 1054 (9th Cir.1979); Israel Aircraft Industries, Ltd. v. Standard Precision, 559 F.2d 203 (2d Cir.1977); Kropp v. Ziebarth, 557 F.2d 142 (8th Cir.1977); Ali v. A & G Co., Inc., 542 F.2d 595 (2d Cir.1976); Thomas v. United States, 531 F.2d 746 (5th Cir.1976). Accord Butts v. Cummings, 360 So.2d 534 (La.App.2d Cir. 1978)."
These same principles are applicable to the ultimate sanction of granting a judgment by default against a party defendant.
The record shows that answers to the interrogatories were prepared and signed by counsel for the State in January of 1981. Apparently, this attorney left the State's employ and as a result of confusion in the reassignment of the case, answers to the interrogatories were not filed, nor was an appearance made at the hearing held in April of 1981. In June of 1981, the second attorney for the State appeared and apologized to the court for the delays and assured the court that the State would cooperate in the future. The State filed its answers to the interrogatories in August of 1981, prior to the confirmation of the default judgment.[4] There is no evidence in the record to show that the appellees were prejudiced by the delay or dissatisfied with the answers. There is no evidence that the failure of the State to answer the interrogatories was willful or in bad faith. There is no evidence in the record to show that the officers responsible for the operations of the Department of Transportation and Development were personally at fault in failing to provide the information requested. All indications in the record are that the delays in answering the interrogatories were due to the inattention and/or confusion of the State's attorneys. Under these particular facts, the ultimate sanction of confirmation of a substantial default judgment against the State, and thus the people of Louisiana, is not appropriate.
As indicated in Allen v. Smith, supra, 390 So.2d at 1302, when an attorney for a party fails to comply with discovery orders, such noncompliance cannot be excused. Offending counsel should at least be required to pay the reasonable expenses of discovery procedures necessary to compel compliance, including costs, expert witness fees and attorney fees in the trial and appellate courts. Accordingly, this case is remanded to the trial court for a hearing to determine and assess reasonable expenses against David K. Balfour and John W. King individually.
*50 The failure of counsel for the State to comply with discovery orders by the trial court has resulted in substantial delays. Because of this, we believe that the appellees are entitled to a swift resolution of the merits of their case. Pursuant to the authority of La.C.C.P. art. 2164, we direct that the trial on the merits of this case commence not later than the sixtieth day after this judgment becomes final.

III. CONCLUSION
For the foregoing reasons, the "judgment of default" in favor of the appellees and against the State rendered in the trial court is vacated and set aside. This case is remanded to the trial court for a hearing against the attorneys for the State to determine and assess reasonable expenses caused by the discovery failures. It is further ordered that the trial on the merits of this case commence within sixty days of the date this judgment becomes final.
REVERSED IN PART, AMENDED IN PART AND REMANDED.
NOTES
[1] See La.C.C.P. art 1471 (formerly La.C.C.P. art. 1513). This judgment by default was not entered in the minutes of the court as required by La.C.C.P. art. 1701.
[2] The trial court judgment did not express the costs in a dollar amount as required by La.R.S. 13:5112(A).
[3] La.C.C.P. arts. 1701-1704 and 1843; Clark v. Clark, 358 So.2d 658 (La.App. 1st Cir.1978).
[4] See Precision Motors, Inc. v. Beder, 273 So.2d 650 (La.App. 4th Cir.1972).