CHEHARDY, Judge.
Elton Deville instituted this suit against the Louisiana Department of Public Safety, Troop B, for damages of one billion dollars allegedly sustained by him as a result of receiving a traffic citation for failing to make a left turn in a left-turn-only lane.
He alleges the Department committed fraud against him for entrapment by the officers who stationed themselves at the entrance to the Huey Long Bridge, giving out numerous tickets to other motorists for the same offense and failing to escort the ticketed vehicles back in the heavily traveled lanes. He avers the state troopers were engaged in the profitable business of issuing citations as part of a conspiracy with the insurance industry to raise premiums and to force uninsured motorists to purchase policies.
The suit was filed in propria persona and a trial by jury was requested. The request was denied following a hearing on the motion to strike filed by defendant.
Thereafter, plaintiff filed motions for the production of documents requesting tally sheets of each trooper assigned to the location where plaintiff was cited, the name of every person issued a eitation on that date (December 29, 1980), at that place, and copies of all citations issued by Troop B for the month of December 1980.
It appears that plaintiff intended to contact the other persons ticketed for the purpose of persuading them to join his suit, converting it into a class action. The Department filed objections to the production as an abuse of discovery, unduly burdensome and irrelevant to the only issue in the case, i.e., the damages, if any, that plaintiff sustained as a result of the traffic ticket. They produced a copy of plaintiff’s ticket, supplied the name of the arresting officer and objected to the balance of the request.
At a later date the judge signed an order for the production of the requested documents. The order was rescinded thereafter because it had been improperly granted ex parte, rather than after a hearing thereon as required, since defendant had filed objections thereto.
Plaintiff later filed interrogatories directing 134 questions to one of the troopers. The officer to whom the interrogatories had been directed had been identified in plaintiffs original petition, but he had not been properly named a party defendant or cited as such under the rules of our Code of Civil Procedure.
The Department filed objections to the interrogatories, pointing out the officer was not a party defendant, and further objecting because the interrogatories had been filed less than 30 days before the ease was set for trial.
Plaintiff then filed additional interrogatories directed to a second trooper, also not a ■properly named party defendant. The Department again filed a response, claiming further that the additional 136 questions were unduly burdensome and not calculated to lead to the discovery of admissible evidence.
We wish to note here, having carefully examined the voluminous record and numerous pleadings filed by the plaintiff over a period of two and one-half years before the case came to trial, that plaintiff was treated with utmost courtesy and patience by the two trial judges who heard the various issues.
Ten days before the trial plaintiff secured the services of an attorney. The attorney requested a continuance to familiarize himself with the record. The request was granted. The attorney then filed a Motion to Compel Discovery. The motion was set for hearing on the same date set for trial on the merits. Plaintiff himself then filed a motion for a default judgment. A hearing on this motion was also set for that same date.
When the matters came for trial the court rendered judgment denying both mo *601 tions. Plaintiff then advised the court that having been denied the motion to compel discovery, he did not wish to proceed with the trial on the merits. Defendant then moved to dismiss plaintiffs suit with prejudice. The court granted the motion.
Plaintiff has appealed from all three judgments. He is representing himself in this court.
Appellant contends the trial court erred: (1)in failing to grant him a jury trial, (2) in failing to grant him a default judgment; (3) in failing to compel defendant to answer the interrogatories; and (4) in dismissing his suit.
We disagree with all of these contentions.
1. LSA-R.S. 13:5105 provides that no suit against the state, a state agency or political subdivision shall be tried by a jury. Plaintiff clearly fails to understand the requirements of the Code of Civil Procedure. Although he identifies other persons in his pleadings they have not been properly named parties defendant. Since the only defendant who has been properly named, served and cited is the state, the court correctly refused to grant plaintiff a jury trial.
2. We recognize that the ultimate sanction for a recalcitrant defendant who fails to comply with discovery orders is a judgment by default. LSA-C.C.P. arts. 1701-1704 and 1843.
However here defendant promptly filed objections to plaintiffs request. The objections were not without merit, and plaintiff did not file his motion to compel until three days before the trial date.
Plaintiff cites us to the case of Robinson v. Miller, 423 So.2d 45 (La.App. 1 Cir.1982). This case does not support plaintiffs position. On the. contrary, the Robinson decision vacated and set aside a judgment of default granted by the trial court, finding the sanction imposed was not appropriate to the particular facts. We agree with that conclusion here.
3. Nor do we disagree with the trial court’s refusal to grant the motion to compel. Since plaintiff had more than two years from the date of filing the original petition to propound interrogatories, and to properly name as defendants those persons whom he sought to interrogate, and since the motion to compel was filed only shortly before the trial date, we find no abuse of discretion.
4. As to appellant’s final contention, plaintiff himself advised the court he was unprepared to go to trial. He had been granted one continuance. The defendant was prepared to go to trial. His witnesses were all in the court room. Some of them had come from Baton Rouge and, as noted above, the matter had been pending for two and one-half years. The trial court properly exercised its authority to dismiss the suit.
For the reasons assigned the judgments of the trial court are affirmed.
AFFIRMED.