499 So.2d 289 (1986)
MTU OF NORTH AMERICA, INC. and MTU Friedrichshafen,
v.
RAVEN MARINE, INC., Transocean Marine, Inc. and Bernard A. Favret.
No. CW 86 0321.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
Boris F. Navratil and Christine Lipsey, Breazeale, Sachse & Wilson, Baton Rouge, for petitioners.
John Weinstein, Opelousas, for Raven Marine, Inc.
B.J. Rawls, Aycock, Horne, Caldwell & Coleman, Morgan City, for defendants.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
This review of an award by the trial court of "reasonable costs, including attorney fees, incurred in obtaining" an order compelling discovery is before this court pursuant to an order of the Supreme Court of Louisiana.
This action arises out of the failure by plaintiffs, MTU of Friedrichshafen and MTU of North America, Inc. to comply *290 with certain discovery proceedings initiated by defendants, Raven Marine, Inc., Transocean Marine, Inc. and Bernard Favret. During a deposition of Dr. Hans Dinger, plaintiffs' deputy chairman and director of research and testing, taken at Friedrichshafen, West Germany, Dr. Dinger was instructed by plaintiffs' counsel not to answer any questions about a special warranty. During the deposition of Mr. Heinz to Roxel, plaintiffs' service manager, taken in Texas, plaintiffs' counsel instructed Mr. Heinz to Roxel to refuse to compile requested information from his files concerning a particular subject matter. Defendants filed a motion to compel discovery.
After a hearing on the motion, the trial court granted the motion ordering the witnesses to answer the questions and that depositions be retaken for this purpose at plaintiffs' expense, including travel costs and attorney fees totalling $29,357.00. Plaintiffs applied to this court for review and the writs were denied. The supreme court then granted certiorari, 466 So.2d 456. In MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063 (La. 1985) the supreme court affirmed that portion of the trial court's judgment compelling discovery and ordering supplemental depositions for that purpose, but held that the sanctions imposed in the judgment exceeded those authorized by law. The matter was then remanded back to the trial court for the determination of reasonable costs, including attorney fees, incurred by defendants in obtaining the order compelling discovery.
On remand, the trial court awarded $32,562.00, as costs and attorney fees, to the defendants. Seeking relief from this order, plaintiffs applied to the supreme court for a writ of mandamus. The application was granted and by order dated June 6, 1986, the supreme court directed that the case be brought before this court for "briefing, argument, and opinion." 489 So.2d 239.

ASSIGNMENTS OF ERROR
Plaintiffs contend that the trial court erred on remand by:
1. imposing any sanctions on plaintiffs after compelling their employees to answer;
2. holding that expenses and attorney fees recoverable included those costs and fees involved in opposing the appellate review sought by the plaintiffs; and
3. approving and awarding extravagant fees and expenses claimed by defendants.

ASSIGNMENT OF ERROR NO. 1
Plaintiffs claim that the refusal of Dr. Dinger and Mr. to Roxel to respond to the disputed questions and requests was substantially justified, therefore in accordance with LSA-C.C.P. art. 1469(4) the trial erred in imposing any sanctions for the justifiable refusal to comply with discovery. During the hearing on remand the trial court refused to allow plaintiffs to present this argument stating that:
"[T]he issue is moot because the Supreme Court has considered the question of whether or not your clients were required to answer.... They have ruled definitely on that issue and they have ruled that they should have answered in both depositions."
We agree that the issue is moot. In MTU of North America, Inc., 475 So.2d at 1067, 1068, the supreme court concluded:
"[T]he question asked Dr. Dinger was calculated reasonably to lead to admissible evidence.
. . . .
Consequently, the attorney for the MTU corporations erred in sealing off the area of inquiry by instructing Dr. Dinger not to answer the question asked or any further inquiries about the special warranty."
The supreme court also found that:
When plaintiffs' counsel offered the business records in lieu of Mr. to Roxel's answer to a deposition question, he did not specifically identify the individual documents which would provide the information sought. Accordingly, ... the tender of business records in this case was not a sufficient response, and does *291 not acquit the plaintiffs from responsibility for a failure in discovery.
(475 So.2d at 1070)
It is clear that the supreme court considered this issue and did not find any substantial justification for plaintiffs refusal and failure to comply with discovery, hence the issue raised by plaintiffs' first assignment of error is moot. Furthermore the case was remanded to the trial court for the express purpose of determining costs and fees incurred by defendants in obtaining the order compelling discovery, thus to address the issue of substantial justification would exceed the scope of the remand as mandated by the supreme court.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Plaintiffs contend that it was error on the part of the trial court to allow for those costs and attorney fees incurred by defendants in opposing the appellate review and supreme court writs sought by plaintiffs. It is well settled that when a failure to make discovery occurs, it is incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust. LSA-C.C.P. arts. 1469, 1471, 1473; Allen v. Smith, 390 So.2d 1300 (La.1980). Absent such justification the courts have interpreted reasonable expenses to include costs and attorney fees in the trial and appellate courts.[1] Because the costs of opposing the appellate review sought by plaintiffs are an integral part of those costs incurred by the defendants in obtaining the order compelling discovery we find no abuse of discretion by the trial judge including such costs in the award. These costs made up a portion of the total costs incurred in obtaining the order and could be made a part of the award on remand.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 3
Plaintiffs complain that the hourly rate of $125.00 for defense counsels' representation is extravagant, and that the trial court erred in awarding attorney fees based on this rate as well as in awarding all of the expenses claimed by defense counsel.
By joint stipulation of all counsel the time sheets and expense statements of defense counsel were submitted as evidence on remand. This was the only evidence submitted. Because there was no issue raised in the trial court, on remand, as to the propriety of the rate of $125.00 an hour charged by defense counsel, plaintiffs cannot now object to this rate.
The court accepted the expense statements and time sheets and determined the award based on the figures contained therein. Included in the $32,552.00 awarded by the court were travel costs, which were found by the supreme court to be a part of those sanctions in the original judgment which exceeded those authorized by law. Thus the trial court again has imposed sanctions which it cannot, by law, impose in this matter. After a thorough review of the record and evidence we find that the trial court went beyond the scope and limitations of the remand and that the award of $32,522.00 was an abuse of discretion. The supreme court limited defendants' recovery to "reasonable costs, including attorney fees, incurred in obtaining the order."
Defense counsel, in the motion to compel, requested $2,880.00 as attorney fees incurred in bringing the motion at the trial level. Based on this, reasonable fees incurred *292 for the subsequent appellate review should be set at $4,300.00. After reviewing the expense sheets we find that a total of $300.00 should be allowed as reasonable costs. The trial court judgment is set aside and judgment in favor of the defendants in the amount of $7,500.00 is hereby rendered.

DECREE
For the foregoing reasons the judgment of the trial court is reversed. The reasonable costs, including attorney fees, owed to defendants by plaintiffs as a result of the failure by plaintiffs to comply with discovery totals $7,500.00. Accordingly, plaintiffs-appellants are hereby ordered to pay said amount to the defendants. Costs of this appeal are to be assessed one-half (½) each to plaintiffs and defendants.
REVERSED AND RENDERED.
NOTES
[1] See Robinson v. Miller, 423 So.2d 45 (La.App. 1st Cir.1982). Robinson involved a failure to comply with court ordered discovery and the Supreme Court, in MTU of North American, Inc. v. Raven Marine, Inc., has distinguished between the sanctions available for failure to comply with party-initiated discovery and those for a failure to comply with a court order to provide or permit discovery. Nonetheless, we feel that costs and attorney fees for opposing appellate review brought by the unsuccessful party are available as sanctions for failure to comply with either party-initiated or court ordered discovery.