LABORDE, Judge.
In this products liability case, plaintiff Irene Thibodeaux appeals the judgment of the trial court, which held that defendant Century Manufacturing Company was not at fault in causing plaintiffs accident. Finding no error by the trial court, we affirm.
FACTS
On December 9, 1987, the day she was injured nurse’s aide Irene Thibodeaux (Irene) and a co-worker used equipment manufactured by defendant Century Manufacturing Company (Century) to bathe a patient possessing physical deficiencies at Rosewood Nursing Home in Lake Charles. The equipment consisted of a whirlpool bath, a Saf-Kary, and a Saf-Lift.
When an operator bathes a disabled patient who is strapped in the wheelchair seat of the Saf-Kary, he or she first backs the wheelchair up against the lift arm of the Saf-Lift and aligns the chair’s pins with the lifting arm’s slots. The operator then slightly raises the lift arm by stepping on the “up” pedal until its slots grab the chair’s pins or knobs, detaching the seat from the wheelchair. The Saf-Lift raises the chair directly upward until the operator swivels the patient over the top of the whirlpool bath. The operator then lowers the patient into the *353 tub’s water and bathes the patient. When the bath is completed, this entire operation is reversed, and the patient is wheeled back to his room.
Irene and her co-worker strapped the patient into the seat of the Saf-Kary; connected the seat to the arm of the Saf-Lift; disconnected the seat from the wheelchair; raised the patient; swiveled him over the bathtub, and lowered him into the bath where they proceeded to bathe him. After the bath, with the patient still seated on the chair attached to the Saf-Lift, they raised him out of the water and swiveled him over the Saf-Kary (wheelchair) carriage. At this point or soon after, plaintiff Irene Thibo-deaux was injured when the Saf-Kary chair fell on her.
On December 9, 1988, Irene sued Century Manufacturing Company, alleging negligence and product liability. Irene asserted that the chair became detached from the Saf-Lift’s lifting arm and fell upon her finger. She alleges that the chair was defective in design and that Century was negligent in failing to make design revisions to the units it sold after receiving complaints of similar injuries being caused by the separation of the chair from the Saf-Lift while patients were being raised or lowered. In addition to her mashed finger, she alleges a knee problem was caused by the accident.
Century denies all allegations of fault and defect. It argued at trial that the chair-lift was not defective in design and that the cause of the accident was air in the Saf-Lift hydraulic system, resulting from Rosewood’s lack of proper maintenance of which Mr. Bryant had specifically warned Rosewood.[1] Century theorized that this want of maintenance caused the whole lift apparatus, including the chair still connected to the lifting arm of the lift column, to rapidly descend upon Irene’s finger.
After a week long jury trial, a unanimous jury concluded that Century was not at fault in causing Irene’s injuries. The jury found the sole cause of the accident was the poor maintenance of the chair lift, which allowed air to enter the system. Irene appeals.
ASSIGNMENT OF ERROR NUMBER ONE
Irene maintains the jury committed manifest error in finding no fault on the (part of Century. She maintains that the only reasonable explanation for the accident was a separation of the chair from the lifting device caused by a failure of the safety lock, which could have been avoided had the safety lock manufactured by Century not been defective in design.
Because the safety lock slides into position by the direction of gravity, plaintiff maintains it is knocked out of position as easily as it falls into position. Irene’s expert witness, Mr. Greene, testified after inspecting the lift that the accident was caused not by hydraulic failure, but by the failure of the safety lock to prevent the chair from disconnecting from the lift. He concluded that a safety latching system possessing some type of deliberate unfastening would have been safer, and that the technology to build some type of secondary latching system was widely available in the 1970’s and 1980’s. (The lift involved in the accident was manufactured in 1979.) Mr. Greene offered his opinion that the bar-hook design would have prevented Irene’s accident.
In support of her position that the safety lock was defective, Irene further states that Century sent a notice to all owners of its lifts specifically warning that the safety latch could be displaced, causing the chair to descend and disconnect, resulting in injuries, and to the fact that Century developed a new locking system in 1982. In 1982, Century replaced the “pin-slot” design by a “bar-hook” design. Century’s representative acknowledged that this was a design improvement over the pin-slot design, and was made *354 to specifically address the problem of inadvertent unlatching of the safety device. Century offered retrofit kits for sale to customers who had previously purchased the pin-slot lifts.
The evidence does not support our reversing the trial court and finding that a defect in the safety lock caused plaintiffs accident. A jury’s factual findings are entitled to great deference and may not be reversed unless they are manifestly erroneous. Lirette v. State Farm Insurance Co., 563 So.2d 850 (La.1990). When there are two or more reasonably supportable views of the evidence, a jury’s choice between them cannot, as a matter of law, be clearly wrong or manifestly erroneous. Martin v. East Jefferson General Hospital, 582 So.2d 1272 (La. 1991).
Moreover, we find no basis for ignoring the jury’s conclusions of fact solely because plaintiffs claims sound in products liability. The law does not require any product to last forever. Norris v. Bell Helicopter Textron, 495 So.2d 976 (La.App. 3d Cir.1986), writ denied, 499 So.2d 85 (La.1987). A product liability plaintiff must show that the alleged product defect caused his injuries or he cannot recover. Bloxom v. Bloxom, 512 So.2d 839 (La.1987). Virtually all products are subject to wear and tear and need periodic maintenance, Simon v. Ford, 282 So.2d 126 (La.1973), and Rosewood had been warned by Century of the need for repairs on this machine.
After careful consideration of all the evidence, we find the jury was not manifestly erroneous in finding the accident was caused by Rosewood’s failure to properly maintain the equipment and that Century was free from fault in this accident. The jury believed Century’s theory that the accident occurred because there was air in the hydraulic system of the lift which would not have occurred if properly maintained. This conclusion cannot be said to be clearly wrong. Irene’s co-worker and Irene herself testified that the entire mechanism, that is, the lift and the chair, fell. Additionally, the patient did not fall out of the chair, and would have had the chair become disconnected from the lift. The alleged defects plaintiff and her expert took pains to show involved such a disconnect.
ASSIGNMENT OF ERROR NUMBER TWO
Irene alleges the trial court erred in failing to sanction Century for defying court-ordered discovery regarding defendant’s record of accidents reported to it and remedial measures taken in response to the accidents. During discovery, Century only offered evidence of nine prior lawsuits, and plaintiff discovered four additional lawsuits against Century. She alleges the trial court erred in refusing to allow her to submit into evidence the general statement about Century having learned about prior accidents.
Irene also complains the person Century sent in response to a request for deposition, Mr. O’Cilka, was not knowledgeable enough to represent Century. Plaintiff filed a motion to compel discovery and seeking sanctions for Century’s noncompliance. The afternoon before the scheduled hearing on the motion to compel, Century forwarded to plaintiff additional evidentiary material and agreed to make a Mr. Gertsch available to have his deposition taken. Mr. Gertsch left Century before his deposition could be taken and Century sent another man, Mr. Holmer, to have his deposition taken.
The trial court has much discretion in deciding whether to impose a discovery sanction and in fashioning such a sanction. Its exercise of discretion cannot be disturbed on appeal absent a clear abuse of that discretion. Gardner v. Campbell, 532 So.2d 292 (La.App. 3d Cir.1988), writ denied, 534 So.2d 446 (La.1988); Robinson v. Miller, 423 So.2d 45 (La.App. 1st Cir.1982). We find the trial court did not abuse its discretion in refusing to grant sanctions. The trial court determined that sanctions were not warranted. Plaintiff did not file a motion for sanctions until the week before trial although the matter had been in litigation for many years, did not request a continuance of the trial date, and did not request to examine Century’s business records.
*355 Irene also alleges the trial court erred in excluding records of other disconnect-related accidents which consist of petitions from other lawsuits, reports of other accidents, and the FDA’s investigative file. The petitions and accident reports sent to Century were properly excluded because of their irrelevance. “Other accident” evidence is not admissible unless the “other accidents” are shown to be substantially similar to the one in question. Highlands Ins. Co. v. Missouri Pacific Railroad Co., 532 So.2d 317 (La.App. 3d Cir.1988), affirmed, 540 So.2d 287 (La.1989). There is no evidence the incidents in the “other accident” evidence were substantially similar to this hydraulic accident, and thus the evidence was properly excluded. La.C.E. 803(8)(b) excludes all investigative reports prepared by law enforcement personnel. The FDA is a law enforcement authority. 21 U.S.C. § 301 et seq. Thus, the FDA investigative file was also properly excluded.
ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, Irene requests that she be awarded damages totalling $335,-001.02. Because we find the jury was not manifestly erroneous in finding Century free of fault, we need not discuss plaintiffs claims for damages from Century. Therefore, this assignment of error lacks merit.
DECREE
For the reasons assigned above, the judgment appealed is affirmed. Costs of this appeal are assessed against appellant, Irene Thibodeaux.
AFFIRMED.

. Approximately four months before the accident, a Century licensed service technician, Deryl Biyant, performed an inspection of the equipment. He found leaks of hydraulic fluid, deteriorating seals and rings, a corroded lift base, and an air-contaminated hydraulic lifting column. He took the chair lift out of service and recommended Rosewood not to use it until repairs were made to restore it to safe operation. These findings were communicated to Rosewood in writing. Rosewood did not make these repairs.