LOLLEY, J.
| jThis appeal by defendant, Mark Grau, arises from a partial final judgment from the First Judicial District, Parish of Cad-do, State of Louisiana in favor of plaintiff, Office Furniture Outlet. For the following reasons, we affirm.
FACTS
Office Furniture Outlet (“OFO”) is a family business originally formed by defendant, Mark Grau. The business provides office furniture services to customers. Mark’s son, Martin, was a salesman in the business. In 2003, Mark and his wife sold 75% of the business to Mark’s brother, William Grau. William began to act as CEO while Mark continued to work as vice president. During this time, issues with *1067 commission, salary, and company policy arose. Mark was fired, Martin resigned, and together they created another business, Office Furniture Source, LLC (“OFS”).
William, through OFO, brought suit against Mark and Martin, individually, for breach of fiduciary duty while at OFO and unfair trade practices and false and deceptive claims with their work at OFS. This appeal arises out of an ancillary issue on the rule for attorney fees issued by the trial court on June 28, 2008. The underlying actions against Martin and Mark Grau are still pending and are not subject to this appeal. Further, Mark Grau was not cast in the judgment for attorney fees, and, therefore, is not a party on this appeal.
The pretrial activity, including discovery, which gave rise to the hearing for attorney fees involved efforts to discover Martin Grau’s activities in acquiring and seeking furniture while still employed with OFO. |2OFO filed numerous motions to compel and motion for sanctions and attorney fees against Martin to ascertain the information. In March 2008, OFO filed its Motion to Compel for the sixth time and Motion for Sanctions for the fourth time. Based on these motions, the trial court rendered a partial final judgment on June 23, 2008, in favor of OFO and ordered Martin to pay the plaintiff $32,370.00 in attorney fees. This appeal by Martin ensued.
LAW AND DISCUSSION
Martin argues that sanctions and attorney fees were not warranted, and in the alternative, the trial court failed to apply the correct standard in awarding the attorney fees. It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Central, 1993-0783 (La.01/14/94), 631 So.2d 401.

Appealable Judgment

At the outset we confirm that the trial court’s partial judgment is appealable. The trial court stated, and we agree, that it was acting upon one of the sanction provisions under La. C.C.P. art. 863 whose imposition is immediately appealable under La. C.C.P. art. 1915(A)(6).

Sanctions

The discovery articles grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or to obey an order compelling discovery. The granting of relief against a | srecalcitrant party rests within the trial judge’s discretion and will not be disturbed absent a clear abuse of that discretion. Butts v. Cummings, 360 So.2d 534 (La.App. 2d Cir.1978). There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. Refusal to comply with court ordered discovery is a serious matter. Horton v. McCary, 1993-2315 (La.04/11/94), 635 So.2d 199.
Here, the record bears out an inordinate amount of time and resources were spent during the pretrial phase to enforce Martin to comply with answering various interrogatories. The trial court clearly afforded Martin every opportunity to fulfill the legitimate discovery and requests for production made by OFO. The trial court even denied OFO’s fourth filing for a Motion to Compel and second filing for Motion for Sanctions giving Martin the benefit of the doubt. In fact, Martin admits in his brief that sanctions and attorney fees are in response to the Sixth Motion to *1068 Compel and Fourth Motion for Sanctions. Simply put, the same request was made over six times beginning in April 16, 2007.
While it is evident that this has been an acrimonious lawsuit to say the least, there is nothing in the record that supports Martin’s unwillingness to cooperate during the discovery process. OFO complied with every request that Martin had made, including voluminous disclosures of financial documents. Allegations that Martin purposefully altered evidence, used delay tactics, and harassed the opposing party by requesting unnecessary documents are serious, and while there is nothing in the record ^substantiating these claims, it is not to be taken lightly. See, e.g., MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063 (La.1985). What is substantiated from the record, however, are the trial court’s four direct orders compelling Martin to comply with discovery and Martin’s refusal to follow these orders even under threat of incarceration. The trial court must have severe sanctions available to it to deter litigants from scoffing at its discovery orders. Horton, supra. We agree with the trial court in its decision to impose sanctions.

Attorney Fees

In light of our findings that sanctions are appropriate, we find that the trial court did not abuse its discretion in awarding attorney fees. Louisiana C.C.P. art. 1469(4), which provides for motions to compel, states in pertinent part that:
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
While the attorney fees are on the high end, we agree with the trial court that the pretrial phase was drawn out because of Martin’s own conduct. OFO submitted an affidavit for the amount expended on attorneys and other expenses for over a year during the pretrial phase totaling $57,785.00. Clearly, the amount the trial court awarded, $32,370.00, is significantly less and it took into consideration only the fees incurred after the Fourth Motion to Compel and Second Motion for Sanctions were denied |Bm October 2007. As such, we find the scope of fees to be appropriate. The trial court tried to avoid such a hefty penalty by having over a dozen hearings to allow Martin time to comply, but after several warnings it was left with no choice.

Other Issues

As an aside, Martin makes much of the need to apply the “concept” of SWAT 24 Shreveport Bossier Inc. v. Bond, 808 So.2d 294 (La.2001) to the case at hand. In SWAT 24 a former employer sought in-junctive relief in the enforcement of non-competition agreement with former employee. We fail to see how SWAT 24 is applicable; however, we pretermit further discussion on its application since the merits of the case are not before us.
We do find, and Martin correctly identified, that the trial court erred in casting judgment on OFS, which is not a party in this lawsuit and specifically not a defendant-in-rule. As such, we amend the judgment, by way of this opinion, to strike any reference to OFS. See La. C.C.P. art. 1951.
CONCLUSION
We amend the judgment to strike any reference to Office Furniture Source, LLC *1069 as they are not a party in this case. We affirm the trial court in all other respects. Costs for this appeal are assessed against Martin Grau.
AMENDED, AND AS AMENDED, AFFIRMED.