RYAN M. MARTINEZ
v.
TREVOR M. WILSON, CHEVY'S, INC., ABC INSURANCE COMPANY AND DEF INSURANCE COMPANY.
No. 2009 CA 0442.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
PAUL A. LEA, Jr., Attorney for Plaintiff-Appellant Ryan M. Martinez.
RON S. MACALUSO, Macaluso & Jordan, Attorney for Defendant-Appellee Chevy's, Inc.
Before: PARRO, KUHN, and McDONALD, JJ.
PARRO, J.
Ryan M. Martinez appeals a judgment granting Chevy's, Inc.'s motion for summary judgment and dismissing his claims against it. For the following reasons, we affirm the judgment of the district court.

FACTUAL AND PROCEDURAL BACKGROUND
Late in the evening on October 11, 2007, and into early morning on October 12, Martinez was involved in an altercation in Chevy's, Inc. (Chevy's), a nightclub located in Hammond, Louisiana. Martinez witnessed his friend being confronted by Trevor M. Wilson, and stepped between the two men in the hopes of preventing the impending altercation. This resulted in Wilson "sucker punching" Martinez, causing Martinez to sustain serious injuries, including a fracture of the mandible requiring that his jaw be wired shut for eight weeks. On February 29, 2008, Martinez filed suit against Wilson, Chevy's, and their insurance companies. Wilson was served and failed to answer or make an appearance; a preliminary default was entered against him on May 27, 2008. Chevy's filed its answer June 4, 2008, denying the allegations and pleading contributory negligence and the fault of third parties. It filed a motion for summary judgment on August 5, 2008, and a hearing was set for August 18. The hearing was postponed until October 20 with the mutual consent of the parties. On that date, after examining the evidence and hearing each side's argument, the court granted Chevy's motion for summary judgment, noting that the various acts of negligence Martinez alleged against Chevy's in his petition were "self-serving and allege no factual bases." The court further found that even if an affiant's factual allegation of a prior incident involving Wilson were true, there would still be no duty owed by Chevy's. While Martinez had argued prematurity of a summary judgment due to lack of discovery, the court observed that he had failed to file a motion for continuance or for additional discovery. On the basis of the pleadings and affidavits in the record, the court found there were no genuine issues of material fact, and therefore, summary judgment was appropriate. The judgment was signed on October 21, 2008.
Martinez filed a motion for a new trial on October 29, 2008, and it was denied the following day. Martinez then filed this appeal, charging that the trial court abused its discretion when it granted Chevy's motion for summary judgment prior to any discovery being completed. He also contends the trial court erred in failing to recognize the genuine issues of material fact raised by the affidavits and in finding that Chevy's had no legal duty to protect its patrons from those it knew were dangerous and/or violent.

APPLICABLE LAW

Summary Judgment
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 750. The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Washauer v. J.C. Penney, 03-0642 (La. App. 1st Cir. 4/21/04), 879 So.2d 195, 197. If the moving party will not bear the burden of proof at trial on the matter before the court on the motion, the moving party must point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment must be granted. LSA-C.C.P. art. 966(C)(2); Fredericks v. Daiquiris & Creams of Mandeville, LLC, 04-0567 (La. App. 1st Cir. 3/24/05), 906 So.2d 636, 639, writ denied, 05-1047 (La. 6/17/05), 904 So.2d 706.

Discovery
Louisiana Code of Civil Procedure article 966 deals with the procedure for filing a motion for summary judgment. In particular, paragraph C(l) states that "[a]fter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Central R.R. Co., 93-0783 (La. 1/14/94), 631 So.2d 401, 406; Office Furniture Outlet, Inc. v. Grau, 44,228 (La. App. 2nd Cir. 5/27/09), 12 So.3d 1065, 1067. Moreover, the court in Thomas v. Willis-Knighton Medical Center, 43,176 (La. App. 2nd Cir. 4/30/08), 981 So.2d 807, 814, writ denied, 08-1183 (La. 9/19/08), 992 So.2d 932, stated, "It is not an abuse of the trial court's wide discretion in discovery matters to entertain a motion for summary judgment before discovery has been completed. It is within the trial court's discretion to render a summary judgment or require further discovery."

Negligence
Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of Louisiana Civil Code article 2315. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element). Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 (La. 4/3/02), 816 So.2d 270, 275-76. The imposition of liability under general negligence principles requires proof that the defendant had actual or constructive knowledge of the risks and failed to take corrective action within a reasonable time. See Hardenstein v. Cook Constr., Inc., 96-0829 (La. App. 1st Cir. 2/14/97), 691 So.2d. 177, 183, writ denied, 97-0686 (La. 4/25/97), 692 So.2d 1093.
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Meany v. Meany, 94-0251 (La. 7/5/94), 639 So.2d 229, 233. Whether a duty is owed is a question of law. Peterson v. Gibraltar Sav. & Loan, 98-1601, 98-1609 (La. 5/18/99), 733 So.2d 1198, 1204, writs denied. 01-0222 (La. 4/12/01), 789 So.2d 590, and 01-2417 (La. 8/29/01), 795 So.2d 1196; Mundy v. Dep't of Health & Human Resources, 620 So.2d 811, 813 (La. 1993). In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. See Socorro v. City of New Orleans, 579 So.2d 931, 938 (La. 1991). When no factual dispute exists and no credibility determinations are required, the legal question of the existence of a duty is appropriately addressed by summary judgment. Boland v. West Feliciana Parish Policy Jury, 03-1297 (La. App. 1st Cir. 6/25/04), 878 So.2d 808, 815, writ denied, 04-2286 (La. 11/24/04), 888 So.2d 231; Fredericks, 906 So.2d at 639-40.

Duty of Business Owners to Patrons
In Posecai v. Wal-Mart Stores. Inc., 99-1222 (La. 11/30/99), 752 So.2d 762, 766, the Louisiana Supreme Court held that while business owners generally have no duty to protect others from the criminal acts of a third person, "they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable"; thus generally, a business proprietor owes his patrons the duty to provide a reasonably safe place. Id. at 766; Taylor v. Stewart, 95-1743 (La. App. 1st Cir. 4/4/96), 672 So.2d 302, 306. The court in Posecai adopted a balancing test to determine whether a business owner owes a duty of care to protect its customers from the criminal acts of third parties. Specifically, the court provided that "[t]he foreseeability of the crime risk on the defendant's property and the gravity of the risk determine the existence and extent of the defendant's duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business." Posecai, 752 So.2d at 768. The plaintiff has the burden of establishing the duty the defendant owed under the circumstances. Id. The foreseeability and the gravity of the harm are to be determined by the facts and circumstances of the case. The most important factors to be considered are the existence, frequency, and similarity of prior incidents of crime on the premises, but the location, nature, and condition of the property should also be taken into account. Id.

ANALYSIS
Louisiana Code of Civil Procedure article 966 provides that summary judgment may be granted after adequate discovery, but the trial court has wide discretion concerning pre-trial discovery. The incident during which Martinez was injured occurred on October 12, 2007, and suit was filed February 29, 2008. After the motion for summary judgment was filed on August 5, 2008, both parties agreed to postpone the hearing until October 20, 2008. The key witnesses who could support Martinez's claims were not unknown or unavailable to him; they were friends who saw the attack and employees of Chevy's who were present. He had nearly eight months within which to obtain other affidavits or to conduct discovery. Yet, the record shows that Martinez did not initiate any discovery during that period, nor did he file a motion for continuance of the hearing on the motion. Under these circumstances, the trial court did not abuse its discretion in proceeding with the hearing on the motion for summary judgment, based on the pleadings and affidavits in the record.
Because Martinez had the burden at trial of proving that Chevy's had a duty to protect him from or prevent the harm that occurred, Chevy's, as the moving party, could satisfy its initial burden of proof on the motion for summary judgment by pointing out to the court that there was an absence of factual support that it owed such a duty to Martinez under the facts of this case. See LSA-C.C.P. art. 966(C)(2). If it did so, Martinez then had to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial. If he failed to make such a showing, there was no genuine issue of material fact, and summary judgment was appropriate. See LSA-C.C.P. art. 966(C)(2).
Chevy's filed its motion for summary judgment with the supporting affidavits of Jason Royen and Gordon Crowe, Jr. Royen, head of security at Chevy's, was working the night of Martinez's injury. Royen stated that he had been employed at Chevy's at its current location from its initial opening there in October 2007, which was obviously only a short period of time before the incident on the night of October 11, 2007. In his affidavit, Royen stated that Wilson had not previously been banned from Chevy's, and he described the computer system used at the club to monitor those customers who were no longer allowed in. Royen acknowledged knowing Wilson personally and claimed he would have remembered if Wilson had been banned from the bar. Crowe, a principal in and manager of Chevy's, reiterated Royen's statements about the security system at the bar, and he also stated that Wilson had not been banned from the bar until the night of the altercation with Martinez. Crowe further stated that until that evening, he did not know of any incidents involving Wilson that would have justified banning him from the premises. These affidavits sufficed to point out that Chevy's had reasonable security systems in place to protect its patrons and that it had no reason to suspect Wilson would suddenly attack Martinez.
In support of his opposition to the motion, Martinez submitted his own affidavit and that of Casey A. Zeller. Martinez stated that he saw a confrontation developing between Wilson and his friend and that he was able to stop Wilson's pursuit of his friend by stepping between them. However, after a moment and without any provocation, Wilson turned on him and punched him in the left cheek. Zeller began working at Chevy's on the night of the incident involving Martinez, and she stated in her affidavit that Gordon Crowe, the owner of Chevy's, claimed that Wilson had tried to start a fight in the club the previous week and should have been kicked out then. Martinez argues that Zeller's affidavit directly contradicts Crowe's affidavit, which stated, "Affiant is not aware of any facts and/or circumstances existing prior to this incident which would have justified and/or caused TREVOR M. WILSON to have been banned from CHEVY'S premises." Although these two affidavits are contradictory, the fact that there was one alleged previous incident involving Wilson that did not result in any harm does not make it foreseeable that he would injure someone on a later occasion, such that Chevy's should have banned him from its establishment. Bar owners and employees often witness verbal exchanges among patrons that do not escalate into violence. Assuming as true the content of Zellar's affidavit, Crowe's statement, made after the incident between Wilson and Martinez, is not sufficient factual support to establish that Martinez will be able to satisfy his burden of proof at trial concerning Wilson's violent propensities, such that Chevy's should have banned him before the Martinez incident. Hindsight may be twenty-twenty, but it does not equate to foreseeability.
There is generally no duty to protect others from the criminal activities of third persons. This duty only arises under limited circumstances, when the criminal act in question was reasonably foreseeable to the owner of the business. Posecai, 752 So.2d at 766. In this case, the evidence does not demonstrate that Chevy's and/or its employees knew or should have known that Wilson would "sucker punch" Martinez. It appeared that Wilson had backed off after Martinez interjected himself into the verbal confrontation. Martinez himself did not foresee being punched by Wilson; therefore, Chevy's could not possibly have foreseen this event. Because the evidence submitted by Martinez does not demonstrate that Wilson's sudden violence against Martinez was foreseeable, it is insufficient to establish that Chevy's owed a duty to prevent what occurred or that he could satisfy his burden of proving that Chevy's breached that duty. Therefore, there was no genuine issue of material fact and summary judgment was proper.

CONCLUSION
Based on the foregoing, we affirm the judgment granting the motion for summary judgment in favor of Chevy's and dismissing the claims of Ryan M. Martinez against it. All costs of this appeal are assessed to Martinez.
AFFIRMED.