RAIHANA ISLAM AND MOHAMMED ISLAM

VERSUS

WALMART, INC. D/B/A WALMART
NEIGHBORHOOD MARKET - KENNER AND
WAL-MART LOUISIANA, L.L.C. D/B/A
WALMART NEIGHBORHOOD MARKET -
KENNER

NO. 21-CA-629

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 788-716, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

June 08, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**REVERSED AND REMANDED**
    **FHW**
    **JGG**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
RAIHANA ISLAM AND MOHAMMED ISLAM
        Joseph S. Piacun
        Reid S. Uzee
        William J. Guste, III

COUNSEL FOR DEFENDANT/APPELLEE,
WALMART INC. AND WAL-MART LOUISIANA, LLC
        Sidney J. Hardy
        Denman T. Mims
        Isidro R. DeRojas
        Lynda A. Tafaro

**WICKER, J.**

This matter involves a trip and fall in a store parking lot, and the plaintiffs, Raihana Islam and Mohammed Islam, appeal to this Court to review a summary judgment granted in favor of defendants, Walmart, Inc. d/b/a Walmart Neighborhood Market-Kenner and Wal-mart Louisiana, LLC d/b/a Walmart Neighborhood Market-Kenner, dismissing plaintiffs' claims with prejudice. For the reasons that follow, we reverse and remand.

**FACTS AND PROCEDURAL BACKGROUND**

On the morning of November 2, 2017, Raihana Islam drove her vehicle to the Walmart Neighborhood Market-Kenner, located at 3520 Williams Boulevard, to purchase groceries. Upon arriving at the store's parking lot, she parked her vehicle in a space located near the front of the store, immediately adjacent to a grassy median, a landscaped island described as a raised, sodded, curbed embankment, separating the parking area from the main driveway in front of the market. Once Mrs. Islam exited her vehicle, she proceeded to enter the market to shop. Sometime thereafter, Mrs. Islam exited the market and proceeded to her vehicle by traversing the grassy median. While traversing the grassy median, she stepped into a hole, described by Mrs. Islam as a large circular opening that was ankle-deep and could contain her entire foot. When her foot became lodged therein, she fell and sustained claimed injuries to her back, neck, and shoulder. The following day, on November 3, 2017, Mrs. Islam returned to the parking lot and her husband, Mohammed Islam, photographed the median.

On October 18, 2018, Mr. and Mrs. Islam filed suit against Walmart, Inc. d/b/a Walmart Neighborhood Market-Kenner and Wal-mart Louisiana, LLC d/b/a Walmart Neighborhood Market-Kenner ("Walmart") for damages sustained in connection with her fall. In her petition, Mrs. Islam alleged that the hole was partially obscured by grass that had grown over the hole. She further alleged that the

hole was located within a "well-travelled path that patrons used to enter and exit the store from the parking lot."

Walmart filed an Answer, alleging comparative fault and failure by Mrs. Islam to mitigate her damages, also filing a Consent Motion for Protective Order.[1] On July 22, 2020, Walmart filed a Motion for Summary Judgment. After additional pleadings were filed[2] and discovery was concluded, Walmart filed a motion to reset their Motion for Summary Judgment on March 23, 2021.

On May 14, 2021, plaintiffs filed an Opposition to Walmart's Motion for Summary Judgment. Walmart filed a reply memorandum on May 25, 2021, to rebut plaintiffs' arguments and seeking to disregard plaintiffs' expert's opinions that "intrude upon the domain of common sense and require no expert assistance"; "exceed the scope of his expertise as an architect"; and "improperly invade the province of the factfinder."

At the June 1, 2021 hearing, the trial court considered Walmart's motion for summary judgment, and took the matter under advisement. On June 21, 2021, the trial court rendered a judgment, with written reasons, granting Walmart's motion. The court also excluded the affidavit of plaintiffs' expert, Ladd P. Ehlinger, offered in opposition to Walmart's summary judgment, and dismissed plaintiffs' claims against Walmart with prejudice. Accordingly, plaintiffs have timely sought the instant devolutive appeal seeking review of the June 21, 2021 judgment granting Walmart's motion for summary judgment.

## LAW AND ANALYSIS

---

[1] A non-sharing protective order was issued on February 6, 2019 to require confidentiality of protected documents and disclosure only to "qualified persons." Protected documents were to be marked "Subject to Protective Order." None of the documents in this record were so designated.

[2] Plaintiffs filed a First Supplemental and Amended Petition for Damages on August 5, 2020, naming Deep South Lawn & Garden, LLC ("Deep South"), the corporation which provided landscaping and related maintenance services for Walmart, as a defendant, and further alleging that it created or caused an unreasonably dangerous condition relative to Mrs. Islam's fall. Deep South filed an Exception of Prescription, Affirmative Defenses, and an Answer to the Petition for Damages and the First Supplemental and Amended Petition on September 17, 2020.

*Assignments of Error*

On appeal, Mrs. Islam argues that the trial court erred in two respects: (1) in *sua sponte* excluding the affidavit of plaintiffs' expert, Ladd P. Ehlinger, AIA, without conducting a *Daubert*[3] hearing or addressing the *Daubert* factors and in finding that Mr. Ehlinger's expert conclusions were "unnecessary" and "offered legal conclusions that invade the province of the factfinder"; and (2) in finding that the hole that caused Mrs. Islam's fall did not present an unreasonable risk of harm and that Walmart did not have constructive knowledge of the hazard.

*Discussion*

Summary judgment shall be granted, "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The burden of proof is on the mover. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *See* La. C.C.P. art. 966(D)(1); *Bufkin v. Felipe's Louisiana, LLC,* 14-0288 (La. 10/15/14), 171 So.3d 851, 854.

In ruling on a motion for summary judgment, the court's role is to determine whether there is a genuine issue of material fact, one upon which reasonable persons could disagree. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. In determining whether an issue is genuine, the courts cannot make credibility determinations, consider the merits, evaluate testimony, or weigh evidence. *Id.* Further, a fact is "material" when it could insure or preclude recovery,

---

[3] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

affect the litigant's ultimate success, or determine the outcome of the legal dispute. *Prince v. Rouse's Enterprises, L.L.C.*, 20-150 (La. App. 5 Cir. 12/2/20), 305 So.3d 1078, 1082. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (*per curiam*).

In this case, plaintiffs' petition for damages is based on premises liability under La. C.C. art. 2317.1.[4] La. C.C. art. 2317.1 provides that "[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." In cases of premises liability, the plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the defendant knew or should have known of the defect. *Prince v. Rouse's Enterprises, L.L.C.*, 20-150 (La. App. 5 Cir. 12/2/20), 305 So.3d 1078, 1082.

In their motion for summary judgment, Walmart asserts that there is no genuine issue of material fact as plaintiffs were unable to satisfy their evidentiary burden at trial that the property had a condition that created an unreasonable risk of harm to persons on the premises, or that Walmart had actual or constructive

---

[4] Walmart discussed their liability in their motion for summary judgment under La. R.S. 9:2800.6 for claims against merchants. Although prior cases from this Court involving falls in parking lots applied La. R.S. 9:2800.6, that statute discusses the merchant's premises as including "aisles, passageways, and floors." *See, Landry v. Leson Chevrolet Co., Inc.*, 17-665 (La. App. 5 Cir. 6/6/18), 250 So.3d 360, 371. Thus, the premises liability statute of La. C.C. art. 2317 has been found more appropriate in recent cases. *See Taylor v. Chipotle Mexican Grill, Inc.*, 18-238 (La. App. 5 Cir. 12/27/18) 263 So.3d 910, 914, *writ denied,* 19-0154 (La. 4/8/19).

knowledge of the risk of harm that the alleged condition on the premises posed to others. In support of their motion for summary judgment, Walmart submitted the following evidence: the Petition for Damages, the deposition of Mrs. Islam, and the deposition of Mr. Islam.

In opposition to the motion for summary judgment, plaintiffs alleged that the obscured hole had been present for a prolonged period of time and was a safety hazard, violating the Life Safety Code. They also claimed that the hole was "located in an area of known pedestrian and customer traffic using the landscape island as a walkway to access the front entrance of the Walmart Market from the parking lot," and that Walmart knew or should have known of the condition upon inspection of the grassy median as outlined in its safety procedures. Plaintiffs submitted evidence which included: (1) excerpts of Mrs. Islam's deposition; (2) photographs of Walmart's parking lot and the grassy median[5]; (3) an affidavit and curriculum vitae of Ladd P. Ehlinger, of Ehlinger and Associates, P.C.; (4) the Scope of Work for Landscaping Services contract executed by representatives of Walmart and Deep South; (5) Walmart's Standard Operating Procedure for Safety Sweeps; (6) Walmart's Standard Operating Procedure for the Parking Lot, Sidewalks, and Entrance of the market; and (7) excerpts of Walmart's corporate representative Stephian James Ballard's deposition.[6] Based on this evidence, plaintiffs contended

---

[5] The memorandum points out that "[p]hotographs of the landscape island taken the day after Mrs. Islam's fall show fresh dirt applied adjacent to the sodded area. This fresh dirt was applied to fill the hole involved in Mrs. Islam's fall the day before." Walmart objected to the inclusion of this photograph as evidence of subsequent remedial measures therefore not admissible to prove negligence or culpable conduct in connection with the event under La. C.E. art. 407. The trial court did not rule on this objection. This Court will consider the photograph as art. 407 "does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, authority, knowledge, control, or feasibility of precautionary measures, or for attacking credibility." In this case, the plaintiffs were required to present evidence to show Walmart's ownership ("or garde") of the property, and knowledge and feasibility of precautionary measures were also relevant.

[6] On May 18, 2021, plaintiffs filed a Motion for Leave to File Exhibits inadvertently excluded from their opposition to summary judgment, specifically exhibits five through seven.

that they had presented sufficient factual support to satisfy their evidentiary burden at trial.

### *Admissibility of Expert Affidavit*

Before we determine whether plaintiffs presented sufficient evidence to support a finding that material issues of fact precluded summary judgment, we address the first assignment of error in which plaintiffs allege the trial court erroneously excluded the affidavit of plaintiff's expert. Plaintiffs produced the affidavit of their expert architect, Ladd P. Ehlinger, to support their assertion that Walmart's grass median presented an unreasonable risk of harm and Walmart should have been aware of the defect. Plaintiffs assert that Mr. Ehlinger's opinions involve application of a professional safety code, and will assist the trier of fact in areas of expertise beyond that of a lay person. They assert that Walmart made no effort to formally challenge Mr. Ehlinger's qualifications through a *Daubert* hearing, and the trial court erred by failing to conduct a *Daubert* analysis of Mr. Ehlinger's qualifications as outlined by the Louisiana Supreme Court in *Independent Fire Ins. Co. v. Sunbeam Corp.*, 99-2181 (La. 2/29/00), 755 So.2d 226, 235-36.

A trial court's decision to admit or exclude expert opinion evidence at summary judgment is reviewed under the abuse of discretion standard. *MSOF Corp. v. Exxon Corp.*, 04-0988 (La. App. 1 Cir. 12/22/05), 934 So.2d 708, 717. La. Code of Evidence Article 702 provides for the opinion testimony by a witness qualified as an expert by "knowledge, skill, experience, training, or education" if their specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue, is based on sufficient facts or data, and is the product of reliable principles and methods, reliably applied to the facts of the case.

In *Independent Fire Ins. Co. v. Sunbeam Corp.*, the Louisiana Supreme Court held that expert opinion testimony in the form of an affidavit or deposition can be considered on a motion for summary judgment. 755 So.2d at 235. Although it is

true that an expert is subject to cross-examination at a deposition, affidavits are subject to challenge as well, by way of a *Daubert* hearing, a motion to strike, or counter affidavits. *Id.* Walmart did not request a *Daubert* hearing or contest the expert's opinions through the affidavit of another expert. Although Walmart challenged certain opinions of Mr. Ehlinger's affidavit in their reply memorandum, they did not seek to strike the affidavit in its entirety. They did object to the affidavit at the hearing on the motion for summary judgment when plaintiffs sought to offer, file and, introduce their exhibits.

Mr. Ehlinger reviewed the pleadings, depositions, discovery documents, and images produced related to the claims. He also inspected the surveillance video, parking lot, and landscape island in forming his opinion. Mr. Ehlinger's affidavit reports his observations that the sodding was in poor condition, not well-maintained and worn with exposed dirt, consistent with pedestrian traffic, and that there were paving stones on other islands. He concluded that the median violated the Life Safety Code's requirement for safe walking surfaces for customers. The affidavit also contains his opinion that the hole in the grassy median developed and existed for a prolonged period of time because it was consistent with progressive weathering of the walkway, and would have been easily visible during inspections of the parking lot. Mr. Ehlinger gives his opinion that the median is regularly used as a walking surface by customers, especially those parking immediately adjacent to the landscape island. He opines that Walmart knows these areas are used as a walkway.

Mr. Ehlinger's opinion that the hole "presented an unreasonable risk of harm and danger to pedestrians and customers" is a conclusory statement left to fact finder. Therefore, the trial court was correct in finding some of Mr. Ehlinger's opinions invade the province of the fact-finder. When an expert opinion constitutes the actual legal conclusion, it goes beyond what is helpful to the jury and is not admissible. *Burk v. Illinois Central Gulf Railroad Co.*, 529 So.2d 515 (La. App. 1 Cir. 1988).

However, these conclusions should have been stricken from the affidavit, rather than finding the entire affidavit to be inadmissible.

Upon review, we find that the trial court erred in finding that Mr. Ehlinger's affidavit was not helpful to the fact finder. Mr. Ehlinger's opinion that the condition of this island presents an unreasonable risk of danger relies on the Life Safety Code's requirement for safe and level walking surface and his finding that this median's surface violated that code. Mr. Ehlinger's application of the Life Safety Code is beyond the expertise of a lay witness, and requires the testimony of an expert with specialized knowledge. A plaintiff was previously found to not establish the unreasonable risk of harm of a parking lot pothole because he failed to present the testimony of an expert. *Llorence v. Broadmoor Shopping Center, Inc.*, 11-233 (La. App. 3 Cir. 10/05/11), 76 So.3d 134; *see also, Beckham v. Jungle Gym*, *L.L.C.*, 45-325 (La. App. 2 Cir. 5/19/10), 37 So.3d 564, 567 (expert affidavit indicated that asphalt chunks were difficult to see because their color and texture caused them to blend in with the surrounding asphalt). Furthermore, Mr. Ehlinger's opinion is helpful to the factfinder to assist in their determination of whether the condition is unreasonably dangerous. While the contested issue of whether the landscape island is a "de facto walkway" is for the jury to determine, knowledge of the Life Safety Code's requirements for walking surfaces, however, would assist the jury in their determination of the risk of danger presented.

We disagree with the trial court's assertion that "any trier of fact is ca[pa]ble of evaluating the dangers posed by an open hole in a grassy area without expert testimony." Expert testimony should assist the jury through application of technical expertise to understand evidence or determine a fact at issue, and an expert's testimony should not be precluded if it is within the knowledge of ordinary citizens if it would be helpful to the trier of fact. La. C.E. art. 702, Comment (C). At the summary judgment stage, a trial court cannot make credibility determinations, and

"must focus solely on the principles and methodology, not on the conclusions they generate." *Independent Fire Ins. Co.*, 755 So.2d at 235-6. In *Marks v. Schultz,* the First Circuit found that the trial court conducted an impermissible credibility determination when finding that "I don't think the expert's opinion automatically makes something unreasonably dangerous. I don't think that by looking at the pictures that that condition is unreasonably dangerous." 20-0197 (La. App. 1 Cir. 12/10/20), 316 So.3d 534, 543-44.

While in *Washauer v. J.C. Penney Co., Inc.*, 03-0642 (La. App. 1 Cir. 4/21/04), 879 So.2d 195, 198-99, the appellate court concluded that the trial court was correct in concluding that the proposed expert's testimony would not be helpful because his "opinions were not based on superior knowledge or experience," the proposed expert in that case claimed no safety expertise and did not know of any building or safety codes that might impact the placement or securing of floor mats in a retail store. *Id.* However, a finding that an expert does not have technical or professional knowledge is a challenge to his qualifications.

The trial court did not address Walmart's allegations that Mr. Ehlinger exceeded the scope of his expertise as an architect when giving his opinion on pedestrian's semi-autonomous visual activity, erosion patterns, and Walmart's inspection procedures. The trial court did not make a finding as to Mr. Ehlinger's qualifications. This may be because Walmart did not correctly challenge Mr. Ehlinger's qualifications. Simply claiming that an expert is not qualified without any facts or competing expert opinion is insufficient. *Hayne v. Woodridge Condominiums, Inc.,* 06-923 (La. App. 5 Cir. 4/11/07), 957 So.2d 804, 809. In *Hayne*, the plaintiff claimed the opinions in the expert's affidavit were outside his expertise and without foundation, but at no time did the plaintiff properly challenge his qualifications or submit an affidavit from a countervailing expert indicating that the defendants' actions were not reasonably prompt and timely. *Id.* In that case, this

Court found that without facts or an opposing expert, the plaintiff's argument did not suffice to exclude the expert's opinion. Mr. Ehlinger was not cross-examined regarding his qualifications in a deposition, and Walmart did not introduce an affidavit of an expert with a contradictory opinion.

Although plaintiffs claimed no *Daubert* analysis was conducted by the trial court, there was no challenge as to the validity of the methodology employed. *See MSOF Corp. v. Exxon Corp.*, 04-0988 (La. App. 1 Cir. 12/22/05), 934 So.2d 708, 718, *writ denied*, 06–1669 (La. 10/6/06), 938 So.2d 78. No one challenged Mr. Ehlinger's affidavit on the basis of sufficiency of facts or data, or as the product of unreliable principles and methods, or the application of those methods under La. C.E. art. 702, which would have required a *Daubert* hearing. *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 10-1552 (La. App. 1 Cir. 10/4/11), 77 So.3d 339, 355, *writ denied*, 11-2468 (La. 1/13/12), 77 So.3d 972, and *writ denied*, 2011-2430 (La. 1/13/12), 77 So.3d 973, and *writ not considered*, 11-2433 (La. 1/13/12), 77 So.3d 973, and *writ not considered*, 11-2432 (La. 1/13/12), 77 So.3d 974

At the summary judgment stage, the Court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion." *Independent Fire Ins. Co.*, 755 So.2d at 235-6. A court should remain cognizant that it must not attempt to evaluate the persuasiveness of competing scientific studies, and in performing its gatekeeping analysis, the court must "focus solely on the principles and methodology, not on the conclusions they generate." *Id.* As the trial court did not focus on Mr. Ehlinger's principles and methodologies in determining the admissibility of his opinion, the inferences from the undisputed facts in his opinion should be drawn in favor of plaintiffs to allow his opinion. Walmart will have the opportunity at trial to attack Mr. Ehlinger's testimony through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the

burden of proof." *Blair v. Coney*, 19-00795 (La. 4/3/20), *reh'g denied*, 19-00795 (La. 7/9/20), 298 So.3d 168 (quoting *Daubert*, 509 U.S. at 596).

### Summary Judgment

Plaintiffs' second assignment of error is that the trial court erred in finding that the hole did not present an unreasonable risk of harm and that Walmart did not have constructive knowledge. A summary judgment that dismisses all claims is a final, appealable judgment. La. C.C.P. arts. 968, 1915(A). Appellate courts review summary judgments *de novo* using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *Taylor v. Chipotle Mexican Grill, Inc.*, 18-238 (La. App. 5 Cir. 12/27/18), 263 So.3d 910, 913-14, *writ denied*, 19-0154 (La. 4/8/19), 267 So.3d 606. The appellate court uses the trial court's record, but reviews the evidence and law without deference to the trial court's rulings, to determine whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. *Louque v. Scott Equip. Co., LLC*, 16-507 (La. App. 5 Cir. 2/8/17), 212 So.3d 1203, 1207, *writ denied*, 17-0372 (La. 4/13/17), 218 So.3d 629; *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

### Unreasonable Risk of Harm

Walmart claims that plaintiffs cannot prove there was an unreasonably dangerous condition because the landscape island was not designated as a walkway and minor hazards in grassy areas do not create an unreasonable risk of harm.[7] Plaintiffs assert that their expert identified the hazards due to the obscured hole in an area of high volume pedestrian traffic, near the front entrance of Walmart, which caused injury to Mrs. Islam.

---

[7] This Court has previously declined to find that merchants owe no duty to maintain the grassy area, as holes created in the area could give rise to the level of unreasonable risk of harm under the reasonable person standard. *Monson v. Travelers Prop. & Cas. Ins. Co.*, 06-921 (La. App. 5 Cir. 4/24/07), 955 So.2d 758, 762. Instead, this Court found the plaintiff had failed to present any evidence of notice.

The question of whether a defect presents an unreasonable risk of harm is a mixed question of law and fact that is to be determined by the trier of fact in light of the facts and circumstances of each particular case. *Broussard v. State, through Office of State Bldgs, Div. of Admin.*, 12-1238 (La. 4/5/13), 113 So.3d 175, 183. To assist the fact-finder in determining whether the condition of a thing creates an unreasonable risk of harm, the Louisiana Supreme Court has adopted a risk-utility balancing test that weighs four factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature." *Id.* at 184; *Lincoln v. Acadian Plumbing & Drain, LLC*, 17-684 (La. App. 5 Cir. 5/16/18), 247 So.3d 205, 210, *writ denied*, 18-1074 (La. 10/15/18), 253 So.3d 1302. The trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others. *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 3/4/98), 708 So.2d 362, 365.

While summary judgment may be appropriate to resolving the issue of whether a condition presented an unreasonable risk of danger, it is best used to determine the legal significance of undisputed facts. *Dowdy v. City of Monroe*, 46,693 (La. App. 2 Cir. 11/2/11), 78 So.3d 791, 797-98. The determination of this issue by the fact-finder involves balancing factors regarding the claims and interests of the parties, social utility and burden of adequate precautions. *See Dupree v. City of New Orleans*, 99-3651 (La. 8/31/00), 765 So.2d 1002, 1012. In this case, the facts regarding whether the landscape island is a walkway are in dispute. Plaintiffs, through the affidavit of their expert, have raised the issue of whether the landscape island should be considered a walkway by demonstrating the worn path. By pointing out the presence of pavers on other islands, plaintiffs offer a potential cost of

preventing the harm which conflicts with Walmart's assertions that removal of the hazard would be cost-prohibitive.

Plaintiffs have presented sufficient evidence to raise a question of fact regarding whether a hole on a landscape island used as a walkway is an unreasonably dangerous condition. The question is not whether plaintiffs are likely to prevail on the factual issues at trial, but simply whether there are genuine issues of material fact for trial. *McAdams v. Willis Knighton Medical Center*, 38,181 (La. App. 2 Cir. 12/19/03), 862 So.2d 1186, 1192; *Prince*, 305 So.3d at 1086-87. As plaintiffs provided some evidence relating to the factors, the balancing of the risk and utility in this case should be left to the fact-finder to determine whether there is an unreasonable risk of harm.

### *Knowledge*

Walmart claims that plaintiffs submitted no evidence that Walmart had actual or constructive knowledge of the hole. Plaintiffs allege Walmart had constructive knowledge due to the expert's opinion of the hole's presence for a prolonged period and the requirement of employees to inspect the landscape islands for safety hazards.

The concept of constructive knowledge under Article 2317.1[8] imposes a reasonable duty on the owner or custodian to discover apparent defects in the thing in his *garde. Boutin v. Roman Catholic Church of Diocese of Baton Rouge*, 14-313 (La. App. 5 Cir. 10/29/14), 164 So.3d 243, 246, *writ denied*, 14-2495 (La. 2/13/15) 159 So.3d 469. This Court has stated that knowledge of a dangerous condition will be presumed "when it is shown to have existed for such a long period of time" that those responsible, in the exercise of ordinary care and diligence, should have had knowledge of the condition. *Dufrene v. Gautreau Family, LLC*, 07-467 (La. App. 5

---

[8] Walmart's motion for summary judgment alleges that the applicable substantive law in this case is set forth in La. R.S. 9:2800.6, which requires the plaintiffs to present "positive evidence" of the existence of the condition prior to the accident. As discussed previously, this action more appropriately falls under general premises liability as it occurred in the parking lot.

Cir. 2/22/08), 980 So.2d 68, 80, *writs denied*, 08-629, 08-628 (La. 5/9/08), 980 So.2d 694 and 698. The determination of whether an owner or custodian had constructive knowledge of a defective condition is a question of fact. *Blevins v. E. Baton Rouge Parish Hous. Auth.*, 15-0896 (La. App. 1 Cir. 3/22/16), 2016 WL 1135453, 2, *writ denied*, 16-0602 (La. 5/20/16), 191 So.3d 1068.

Whether Walmart would have discovered the hole if they had exercised reasonable care is an issue of material fact. Plaintiffs presented the evidence of Walmart's "Standard Operating Procedure" for its "Parking Lot and Entrance."[9] As part of "safety sweeps," employees are "periodically walking a department or area, checking the conditions for safety and cleanliness." The Parking Lot and Sidewalk Safety Standard Operating Procedure includes the parking lot in safety sweeps, and specifies notifying facilities maintenance for any pothole or sidewalk repairs. The standard operating procedure for inspecting the parking lot requires employees to inspect the landscape islands for trash and "safety hazards." Walmart's employee, Stephian James Ballard, testified at his deposition that they are "in charge to look for [holes]" as part of their safety walks. Employees are "looking for [a hole] but it depends on if it would cause a hazard to the customer." He also agreed that any hole that is present could cause customers to fall and it could increase the potential hazard of that hole if it is located in an area with increased pedestrian or customer traffic.

Although Walmart's motion for summary judgment makes the conclusory statements that no complaints were made to Walmart regarding the condition, it did not support that assertion with any evidence. In a previous case before this Court, the defendant supported its motions for summary judgment with affidavits showing inspection efforts and lack of reported similar incidents. *Scott v. Galleria Operating*

___

[9] Additionally plaintiffs introduced the contract between Deep South Lawn and Garden and Walmart. The scope of work provides that "Contractor shall mow, edge and trim lawns to maintain an even, well-groomed appearance." Additionally, "Contractor shall make minor replacements and repairs to the landscape facilities as part of the required Services set forth herein. Major items needing replacement or repair shall be reported to Walmart's authorized representative within 48 hours of occurrence."

*Co., L.L.C.*, 17-104 (La. App. 5 Cir. 11/15/17), 230 So.3d 682, *writ denied*, 17-2080 (La. 2/9/18), 236 So.3d 1262. The defendant introduced the affidavit of an administrative assistant which stated:

> the Galleria (1) had no prior knowledge or notice of an alleged defect in the area where appellant claimed she fell; (2) did not receive any reports of an alleged defect in the area where appellant claimed she fell; (3) did not have any employees that created the alleged hazard; (4) has employees whose primary responsibility is to patrol the property to report and correct hazards, and perform miscellaneous general security and maintenance duties; (5) commissions regular inspections, maintenance, and necessary repairs to the premises throughout The Galleria property, including the parking garage; (6) has several trained security officers who are on the property at any given time, roaming the common areas, including the parking garage, and reporting any problem areas which come to their attention; (7) has no records of incidents, defects, or repairs in the area of appellant's alleged fall for six months prior to this incident; (8) did not receive any reports of an alleged defect in the area where appellant allegedly fell; and (9) has not had any similar incidents reported regarding the area appellant allegedly fell since this incident.

*Id.* At 685-6.

Although plaintiffs did not submit evidence regarding reports of similar incidents, plaintiffs produced the deposition testimony of Walmart's employee and standard operating procedures from which a trier of fact might conclude that employees, tasked with searching for safety hazards and holes in the landscape islands, should have discovered the hole by reasonable inspection. Furthermore, as noted in the prior section, Mr. Ehlinger's affidavit provides opinions regarding the hole in the landscape island existing for a prolonged period of time because it was consistent with progressive weathering of the walkway, and would have been easily visible during inspections of the parking lot. If a party submits expert opinion evidence in opposition to a motion for summary judgment that would be admissible under *Daubert* (and the other applicable evidentiary rules) and is sufficient to allow a reasonable juror to conclude that the expert's opinion on a material fact more likely

than not is true, the trial court should deny the motion and let the issue be decided at trial. *Independent Fire*, 755 So.2d. at 236.

Therefore, when Walmart pointed to an absence of factual support for the essential element of knowledge, plaintiffs produced some factual support from which a factfinder could make a determination of constructive knowledge to satisfy their evidentiary burden.

**Conclusion**

We find that the expert opinion evidence submitted by plaintiffs, Raihana Islam and Mohammed Islam, in opposition to defendant, Walmart's motion for summary judgment should have been considered in part by the trial court. Our *de novo* review of plaintiffs' evidence produced in opposition to Walmart's motion for summary judgment reveals the existence of genuine issues of material fact, and we conclude that the motion for summary judgment should have been denied. Accordingly, the ruling of the trial court excluding the expert opinion evidence of Mr. Ehlinger is hereby reversed, the judgment granting Walmart's motion for summary judgment is hereby reversed, and this case is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**