NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-119

LYNETTE WASHINGTON

VERSUS

MINUTE MART, INC.

D/B/A BREAUX'S MART

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2019 7797 B
HONORABLE VALERIE C. GOTCH GARRETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**WRIT GRANTED AND MADE PEREMPTORY;**
**JUDGMENT OF TRIAL COURT REVERSED AND RENDERED.**

Bonita K. Preuett-Armour
Armour Law Firm
P. O. Box 8386
Alexandria, LA 71306
(318) 442-6611
COUNSEL FOR DEFENDANT-APPLICANT:
    Minute Mart, Inc. d/b/a Breaux's Mart

**David D. Benoit**
**Justin R. Cantu**
**P. O. Box 877**
**Breaux Bridge, LA 70517**
**(337) 332-6666**
**COUNSEL FOR PLAINTIFF-RESPONDENT:**
    **Lynette Washington**

**PICKETT, Judge.**

The defendant-relator, Minute Mart, Inc. d/b/a Breaux's Mart, (Minute Mart) seeks supervisory writs from the judgment of the trial court which denied Minute Mart's motion for summary judgment.

**FACTS**

As Lynette Martin entered Breaux's Mart on October 14, 2019, she alleges she tripped over a floormat and fell, breaking her collarbone. In her petition against Minute Mart, she alleges the floormat was "wadded up" which caused her to stumble over it. She filed her Petition for Damages on December 17, 2019, naming Minute Mart as defendant.

On June 29, 2021, Minute Mart filed a Motion for Summary Judgment, asserting that there was an absence of factual support for the elements essential to Washington's cause of action and that Washington would be unable to produce factual support sufficient to establish the existence of a genuine issue of material fact. A hearing on the motion was held on September 10, 2021, and the matter was taken under advisement. On November 24, 2021, the trial court issued Written Reasons for Judgment, concluding that "there are genuine issues of material fact beyond the mere allegations or denials of the pleadings." A written Judgment on Motion for Summary Judgment was signed on January 5, 2022. Minute Mart filed an application for supervisory writs in this court seeking review of the trial court's ruling. We granted the writ on May 4, 2022, and issued an order allowing the parties to file additional briefs and request oral argument. *See* La.Code Civ.P. art. 966(H). Minute Mart timely requested oral argument, which this court granted.

## ASSIGNMENT OF ERROR

Minute Mart asserts one assignment of error:

The trial court erred in denying Breaux's Mart's Motion for Summary Judgment where Breaux's Mart pointed out the absence of factual support for one or more elements essential to Ms. Washington's claim and where Ms. Washington failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Breaux's Mart is not entitled to judgment as a matter of law.

## DISCUSSION

Since the denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possible useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of this ruling. *Louviere v. Byers*, 526 So.2d 1253 (La. App. 3 Cir.), *writ denied*, 528 So.2d 153 (La.1988).

> On a motion for summary judgment, the burden of proof remains with the mover. However, if the moving party will not bear the burden of proof on the issue at trial and points out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. La. Code Civ. P. art. 966(D)(1); *Stephenson v. Bryce W. Hotard Sunbelt Rentals, Inc.*, 2019-0478 (La. 5/20/19), 271 So.3d 190, 193; *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So.3d 851, 854; *Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Planchard v. New Hotel Monteleone, LLC*, 21-347, p. 3 (La. 12/10/21), 332 So.3d 623, 625.

Minute Mart directs this court to the statute which governs merchant liability, La.R.S. 9:2800.6, which reads as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

2

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

Minute Mart correctly asserts that a plaintiff must prove each of the three elements set forth in La.R.S. 9:2800.6(B). Failure to prove any of these elements is fatal to a plaintiff's claim. *White v. Wal–Mart Stores, Inc.,* 97-393 (La. 9/9/97), 699 So.2d 1081. Minute Mart contends that there is an absence of factual support for each of

these elements and that Plaintiff has not produced factual support sufficient to establish the existence of a genuine issue of material fact.

Minute Mart first argues that the condition of the mat did not present an unreasonable risk of harm. La.R.S. 9:2800.6(B)(1). Minute Mart points out that Washington is not claiming that the presence of the mat or the mat itself is defective. Instead, Washington claims that the mat presented an unreasonable risk of harm due to a "wedge" in the mat. Washington testified, however, that she did not see the wedge until after she had fallen and gotten back up and she did not know whether her fall caused the wedge to occur. Minute Mart also states that the video footage of the incident does not show that the mat had a wedge or other irregularity prior to Washington's encounter with the mat.[1] Lastly, Minute Mart directs this court to the deposition testimony of Len Arceneaux, a cashier who had worked at Breaux's Mart for at least ten years. To Arceneaux's knowledge, the mats had never curled up prior to Washington's accident.

Minute Mart cites a similar case, *Alexander v. Hancock Bank*, 16-662 (La.App. 4 Cir. 2/8/17), 212 So.3d 713, wherein the plaintiff alleged that she tripped over a wave or lip in the rubber edge of a floor mat located in the lobby of a bank. It was only after her fall that the plaintiff noticed the wave or lip in the mat and concluded that wave or lip must have been the cause of her fall. The trial court granted summary judgment in favor of the defendants on the issue of liability, and the ruling was affirmed on appeal. On appeal, the court explained that the plaintiff was unable to produce any evidence other than conclusory allegations and self-serving statements regarding the mat, and was therefore, unable to meet her burden of proof that a defect existed. Further, the court concluded that the plaintiff was

---

[1] The video footage was included with the writ application.

4

unable to demonstrate that the mat created an unreasonably dangerous condition or that an unreasonably dangerous condition was the cause in fact of her fall.

Likewise, Minute Mart argues that Washington's conclusory allegations as to the existence of a wedge in the mat are insufficient to demonstrate that the mat created an unreasonably dangerous condition or that an unreasonably dangerous condition caused her fall. As stated in *Alexander*, "Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim." *Id*. at 718 (quoting *Todd v. State Through Social Services, Office of Community Services,* 96–3090, p. 16 (La. 9/9/97), 699 So.2d 35, 43).

If there had been a wedge in the mat prior to the incident, Minute Mart maintains that the degree to which a danger is evident is one factor in determining whether a condition is dangerous. *Washauer v. J.C. Penney Co., Inc.*, 03-642 (La.App. 1 Cir. 4/21/04), 879 So.2d 195. "If a dangerous condition is patently obvious and easily avoidable, it cannot be considered to present a condition creating an unreasonable risk of harm." *Id*. at 200 (citing *Alexander v. City of Baton Rouge,* 98–1293 (La.App. 1 Cir. 6/25/99), 739 So.2d 262, *writ denied,* 99-2205 (La. 11/5/99), 750 So.2d 188). Further, "[a] pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear." *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 9 (La. 2/20/04), 866 So.2d 228, 235.

Considering same, Minute Mart contends that the mat in question was clearly visible, being burgundy red with writing on it and with black rubber around it. Washington testified that she had been to Breaux's Mart "a million times" prior to the incident and had always encountered a mat at the entrance to the store similar to the one at issue. Moreover, Minute Mart urges that any wedge in the mat would have been clearly visible. Washington testified that she was not

looking down at the time that she tripped and that if she had, she would have never fallen, stating, "I would've went over that." Minute Mart concludes that Washington's accident was not a result of any unreasonable risk of harm on the store's premises and that Washington's conclusory allegations are insufficient to support the allegation that there was a wedge in the mat prior to her fall. Further, regardless of whether there was a wedge, the mat was clearly visible, and any such wedge would have been clearly visible as well.

Minute Mart notes that the trial court, citing *Beckham v. Jungle Gym, LLC*, 45,325 (La.App. 2 Cir. 5/19/10), 37 So.3d 564, concluded that "[i]t is the jury or trier of facts job to determine whether Plaintiff has met the elements listed in Louisiana Revised Statute 9:2800.6" and held that "there are genuine issues of material fact beyond the mere allegations or denials of the pleadings." In *Beckham*, the trial court granted the defendant's motion for summary judgment, finding that the condition of the parking lot where the plaintiff had fallen did not present an unreasonable danger under La.Civ.Code art. 2317.1. In reversing the decision on appeal, the second circuit held that "[t]he mixed question of law and fact there required facts to be weighed, allowing for the possibility of differing fact assessments and a genuine issue of material fact." *Id*. at 569. Minute Mart urges, however, that the court did not hold that the issue of "unreasonable risk of harm" could never be disposed of on motion for summary judgment. Instead, the court held that material issues of fact remained as to whether an unreasonable risk of harm existed in the parking lot at issue.

Subsequent to *Beckham*, the supreme court decided *Bufkin v. Felipe's Louisiana, LLC*, 14-288 (La. 10/15/14), 171 So.3d 851, and *Allen v. Lockwood*, 14-1724 (La. 2/13/15), 156 So.3d 650, both of which involved motions for summary judgment regarding the issue of whether the complained-of condition presented an

6

unreasonable risk of harm. In both cases, the trial court denied the defendants' motions for summary judgment, and in both cases, the supreme court reversed and granted summary judgment in favor of the defendants. In *Bufkin*, 171 So.3d 851, the issue was whether a building contractor breached any legal duty owed to a pedestrian crossing a street next to the contractor's dumpster, who was struck by an oncoming bicyclist. The court concluded that the dumpster was obvious and apparent, and not unreasonably dangerous; thus, there was no duty to warn of the clearly visible obstruction.

In *Allen*, 156 so.3d 650, the court clarified that Louisiana jurisprudence does not preclude summary judgment in cases where the plaintiff is unable to produce factual support for a claim that a complained-of condition is unreasonably dangerous. As in *Bufkin* and *Allen*, Minute Mart submits that there is an absence of factual support to establish that the mat at issue presented an unreasonable risk of harm.

Next, Minute Mart argues that it did not create or have actual or constructive notice of any hazardous condition of the mat. La.R.S. 9:2800.6(B)(2). There is no evidence, Minute Mart maintains, that it had actual knowledge of any wedge in the mat prior to the incident. Washington testified that she did not know anything that anyone at the store did to cause the wedge or even what caused the wedge.

With regard to constructive notice, Minute Mart refers to La.R.S. 9:2800.6(C)(1) which requires a plaintiff to prove that the condition existed for such a period of time that the merchant would have discovered it had the merchant exercised reasonable care. *Jones v. Brookshire Grocery Co.*, 37,117 (La.App. 2 Cir. 5/14/03), 847 So.2d 43. "Absent some showing of the temporal element, there can be no inference of constructive knowledge." *Id.* at 49.

Minute Mart submits that Washington is unable to establish this temporal element. Washington testified that she did not see the wedge before she fell and did not know how long the wedge had been there. Minute Mart also points out that the video footage does not show that a wedge or irregularity existed prior to the incident. Minute Mart acknowledges that the video footage does not depict the mat for a substantial length of time prior to the incident but is does depict the mat just prior to and after Washington's fall. Minute Mart explains that according to Chase Breaux, the store manager, its general practice is to save footage from the time the person in question comes into the frame until after the event. Further, Minute Mart retains video footage for only fourteen days before the hard drive is overridden with new data.

Regarding the inspection of the mat at issue, Breaux, who was working at the time of the incident, testified that employees are required to collect carts from the parking lot every thirty minutes, requiring employees to traverse the entrance/exit and thereby encounter the mats. Arceneaux, who was working as a cashier at the time of the incident, testified that employees checked the mat in question throughout the day, passing multiple times a day. Arceneaux also testified that the employees check the mat at the same time they retrieve the baskets from the parking lot, which is every few minutes. Further, Arceneaux stated that he checked for baskets ten, fifteen, twenty times a day and he would always look down to see if the mat was okay. According to Arceneaux, the managers and the baggers also checked the mat. Minute Mart concludes that it exercised reasonable care in monitoring the condition of the mat such that any wedge in the mat would not have remained for a sufficient period of time between the occurrence of any wedge and Washington's fall to impute constructive notice.

Minute Mart notes that in Washington's Opposition to Motion for Summary Judgment, she contended that Minute Mart has been a defendant in no less than six lawsuits over the years. Washington, however, did not present any evidence in that regard nor did she allege the nature of the claims or their relevancy to this proceeding. Minute Mart asserts that Washington's assertion is not competent evidence.

Washington also argued in her opposition that there was an issue of spoliation of evidence regarding the video footage prior to the fall and that a jury could infer that the missing video footage was likely not favorable to Minute Mart. "Plaintiff maintains that that lack of video evidence preserved and/or disclosed could lead a jury to determine that Breaux Mart had actual or constructive knowledge of the defect in the mat." Washington contended that on October 30, 2019, her attorney sent correspondence requesting that all electronic data relating to the incident be preserved. Washington also referenced the February 10, 2020 Notice of Records Deposition and the February 20, 2020 Subpoena Duces Tecum for the video footage.

Minute Mart reiterates that it is it general practice to save video footage from the time the person in question comes into the frame until after the event. Minute Mart states that it preserved the video footage of Washington's accident in keeping with that general practice. Minute Mart points out that the letter from Washington's attorney, the deposition notice, and subpoena were not issued within fourteen days of the incident. As such, Minute Mart concludes that Washington cannot set forth a genuine issue of material fact as to any intentional spoliation of the video footage.

Lastly, Minute Mart maintains that it exercised reasonable care regarding the condition of the mat. La.R.S. 9:2800.6(B)(3). Breaux testified that Minute Mart

does not own the mats at the store's entrance but leases them from A-1 Services. Breaux explained that it pays A-1 Services a fee, and A-1 Services takes the mats and cleans them once a week, returns them to the store, positions them on the ground, and makes sure the mats are clean and damage free. Breaux also testified that the employees are instructed to fix a mat if they see that it is not flat. The employees also sweep the mat if it is dirty. Arceneaux, as noted above, stated that employees check the mat numerous times throughout the day. Finally, Washington never noticed a problem with the mat prior to the day of the incident.

Minute Mart concludes that it is evident from the testimony that it had aggressive procedures in place to ensure that the mats were clean, free from damage, and positioned properly. As such, Minute Mart maintains that there is absence of factual support regarding the element of failure to exercise reasonable care, thus, Washington has not established the existence of a genuine issue of material fact regarding same.

In opposition to Minute Mart's application for supervisory writs in this court, Washington cites *Beckham*, 37 So.3d at 568 (citations omitted):

> Whether a defect presents an unreasonable risk of harm is a mixed question of law and fact that is peculiarly a question for the jury or trier of the facts. It entails innumerable considerations; and, because it requires a balancing of the risk and utility of the condition, it is not a simple rule of law which can be applied mechanically to the facts of any particular case. It is "a matter wed to the facts" and must be determined in light of the facts and surrounding circumstances of each particular case.

Washington refers to the trial court's Written Reasons for Judgment wherein Plaintiff states that the court "focused on the many moving parts that factor into whether or not a jury makes a finding of liability." At the hearing on the motion, Washington asserts that the trial court had a different perspective on the video than Minute Mart's counsel. Washington believes that a jury could easily infer that

Minute Mart should have preserved more than a few scant seconds of video that show the actual fall. Washington also maintains that a jury could easily conclude that an employee could have created the risk of harm or should have seen the danger and eliminated it. Lastly, Washington contends that Minute Mart's brief raises issues of comparative fault which suggests there are genuine issues of material fact to be resolved by a jury.

In its Written Reasons for Judgment, the trial court states:

> Louisiana Revised Statute 9:2800.6 imposes a greater burden for defendants by raising their standard of care for an injured plaintiff to prevail against them in a suit for damages. "The determination that a defect presents an unreasonable risk of harm predominantly encompasses an abundance of factual findings, which differ greatly from case to case; the unreasonable risk of harm criterion entails a myriad of considerations and cannot be applied mechanically." LSA-C.C. art. 2317.1. Beckham v. Jungle Gym, L.L.C., 45,325 (La. App. 2 Cir. 5/19/10), 37 So.3d 564. Whether a defect presents an unreasonable risk of harm is a mixed question of law and fact this is peculiarly a question for the jury or trier of facts; it entails innumerable considerations, and, because it requires a balancing of the risk and utility of the condition, it is not a simple rule of law which can be applied mechanically to the facts of any particular case. LSA-C.C. art. 2317.1. Beckham v. Jungle Gym, L.L.C., 45,325 (La. App. 2 Cir. 5/19/10), 37 So.3d 564.
>
> This Court's decision is in line with the previous case law evidence and testimony regarding the slip and fall should be examined by the jury or the trier of facts. It is the jury or trier of facts job to determine whether Plaintiff has met the elements listed in Louisiana Revised Statute[s] 9:2800.6. It is the determination of this Court that there are genuine issues of material fact beyond the mere allegations or denials of the pleadings.

We note that the trial court relied on the ruling in *Beckham*, a decision out of the second circuit, which examined the question of whether a defect presented an unreasonable risk of harm under La.Civ.Code art. 2317.1. As noted by Minute Mart, the supreme court decided two cases after *Beckham*, 37 So.3d 564, which analyzed whether the complained-of condition presented an unreasonable risk of harm. Summary judgment was granted in both cases, finding no unreasonable risk

11

of harm. *Bufkin*, 171 So.3d 851, and *Allen,* 156 So.3d 650. The supreme court did not follow *Beckham's* reasoning that whether a defect presents an unreasonable risk of harm is a mixed question of law and fact for a jury or trier of fact to decide. Instead, the supreme court concluded that whether a defect created an unreasonable risk of harm was an appropriate issue for summary judgment. Finally, we note that none of these three cases involved La.R.S. 9:2800.6.

The trial court did not mention anything about spoliation of the evidence in its Written Reasons for Judgment. A copy of the hearing transcript was not included in the writ application to support Washington's assertion that the trial court's ruling was based, in part, on spoliation of evidence.

In this case, Minute Mart points out an absence of factual support for all three elements set forth in La. R.S. 9:2800.6(B) that are essential to Washington's claim. Washington relied solely on her claim of spoliation of evidence to show that Minute Mart had constructive notice of the wedge in the mat. The video shows about five seconds of footage prior to Washington's fall, and there does not appear to be a wedge in the mat during those five seconds before Washington fell. Minute Mart preserved the video footage pursuant to its store's policy, and it captures seconds before the fall and until Washington is assisted in getting up and walks away. The video shows an employee slightly straightening the mat upon which Plaintiff tripped. This mat was located just outside the door. The employee also straightened the mat located immediately inside the door where Washington landed. There is no evidence in the record before us that Minute Mart intentionally destroyed video footage that would have been helpful to Washington's case.

## CONCLUSION

We find Minute Mart's motion for summary judgment should be granted. Washington failed to establish that the mat presented an unreasonable risk of harm,

that Minute Mart had actual or constructive notice of a defect in the mat, or that Minute Mart failed to exercise reasonable care. Failure to provide proof sufficient to create a genuine issue of material fact on any one of these elements would be enough to require that Washington's claims be dismissed. We therefore grant the application for supervisory writs, reverse the judgment of the trial court denying Minute Mart's motion for summary judgment, and enter summary judgment in favor of Minute Mart. We further order Washington's claims against Minute Mart be dismissed with prejudice.

**WRIT GRANTED AND MADE PEREMPTORY.**
**JUDGMENT OF TRIAL COURT REVERSED AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.